PER CURIAM.
This is an appeal by the defendant American Reliance Insurance Company from two non-final orders which grant summary judgment for the plaintiffs Virgil and Carolyn B. Riggins on the declaratory decree and breach of contract counts in a multi-count complaint. The action below arises out of a dispute between the insureds and their insurance carrier concerning insurance coverage for a certain fire loss. We hold that (1) the non-final orders under review are appealable to this court under Article V, Section 4(b)(1) of the Florida Constitution and Rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure; and (2) genuine issues of material fact are presented by this record which precluded the entry of the subject summary judgments. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
We agree entirely with the defendant insurer that the plaintiff insureds were absolutely required under the contract of insurance herein (1) to provide the insurer upon its request with certain relevant records and documents, and (2) to submit upon request to an examination under oath *536 by the insurer, after a fire loss claim is made under the insurance contract. Accordingly, the trial court was clearly in error in requiring, as a prerequisite to the performance of the above acts, that the insurer provide the insureds with certain fire cause and origin reports; there is nothing in the contract of insurance which requires the insurer to produce such reports for the insureds. Nonetheless, genuine issues of material fact are presented on this record relating to whether the insurer, by its conduct, waived the provisions of the contract of insurance requiring the insureds to perform the above-stated acts after a claim was made under the insurance contract. See Sentry Ins. v. Brown, 424 So.2d 780, 784 (Fla. 1st DCA1982), rev. denied, 430 So.2d 452 (Fla.1983); Fireman’s Fund Ins. Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA1967).
We accordingly reverse the summary judgments under review and remand the cause to the trial court for further proceedings. This reversal will necessarily require the trial court upon remand to vacate the order granting attorney’s fees for the plaintiff.
Reversed and remanded.