24083

Sidney PUCKETT, Appellant v.
STATE FARM GENERAL INSURANCE COMPANY, Respondent.
(444 S.E. (2d) 523)

Supreme Court

*Melvin L. Roberts* and *Ivan N. Walters,* of *Melvin L. Roberts & Assoc.,* York, *for appellant.*

*Jeter E. Rhodes, Jr.* and *John C. Bradley, Jr.,* of *Whaley, McCutcheon, Blanton & Rhodes,* Columbia, *for respondent.*

Heard March 16, 1994.

Decided June 6, 1994; Reh. Den. June 30, 1994.

MOORE, Justice:

This appeal is from an order dismissing this action for breach of contract and bad-faith refusal to pay insurance benefits. We reverse.

### FACTS

Appellant (Puckett) purchased a rental dwelling policy from respondent (Insurer) that insured against loss by fire. Two months later the insured dwelling was destroyed by fire. After Puckett filed a claim for the loss, Insurer took two unsworn statements from him, both of which indicated he knew nothing about the cause of the fire and was not present at the time the dwelling burned.

Insurer subsequently wrote to Puckett's attorney as follows:

> Our continuing investigation will include the assignment to the law firm of Whaley, McCutcheon, Blanton and Rhodes *to contact you and schedule the Examinations Under Oath* of Mr. and Mrs. Puckett. This Examination Under Oath is a policy condition and is pertinent to our investigation and determination of the loss and coverages. . . . I feel certain that a decision on this claim can be reached within thirty (30) days after we receive the signed Examinations Under Oath of Mr. and Mrs. Puckett.

Roberts responded:

> Your policy did not provide for you to take a written statement, an oral recorded statement, verified in writing to be true, and then an additional examination under oath. . . . *It is my position that when you took the two previous statements, those were in lieu of and the same as an examination under oath.*

Puckett then filed this action for breach of contract and bad-faith refusal to pay benefits under the policy. Insurer answered alleging that Puckett had failed to cooperate with its investigation by refusing an examination under oath and that he had intentionally set the fire himself. Puckett gave deposition testimony in the course of discovery consistent with his previous statements. Insurer then filed a motion to dismiss Puckett's action on the ground he had failed to cooperate in their investigation by refusing to submit to an examination under oath. The trial judge dismissed Puckett's action with prejudice. Puckett appeals.

### ISSUE

Whether an examination under oath is a condition precedent to bringing this action.

### DISCUSSION

The policy provides under "Section I—Conditions":

2. Your Duties After Loss. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
   d. as often as we reasonably require:
      (3) submit to examinations under oath and subscribe the same.
3. Suit against us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

The trial judge ruled that under these provisions of the policy, submission to an examination under oath was a condition precedent to bringing suit and since Puckett had not submitted to such an examination, his suit was barred.

Forfeitures of insurance contracts are not favored in South Carolina. *Johnson v. South State Ins. Co.*, 288 S.C. 239, 341 S.E. (2d) 793 (1986). Construing this policy to establish a condition precedent to suit would effect an absolute forfeiture of coverage in this case. We decline to adopt such an analysis and instead hold that an insured's failure to cooperate may bar *recovery* under a policy where the insurer can show prejudice therefrom. *Accord Thompson v. West Virginia Essential Prop. Ins. Assoc.*, 186 W.Va. 84, 411 S.E. (2d) 27 (1991); *cf. Evans v. American Home Assurance Co.*, 252 S.C. 417, 166 S.E. (2d) 811 (1969) (mandatory third-party coverage).

We conclude dismissal of Puckett's suit was error. Whether Insurer suffered prejudice from Puckett's alleged failure to cooperate is an issue to be determined by the trier of fact on the merits of the action along with Puckett's allegations of substantial compliance and waiver.

Reversed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and L. HENRY MCKELLAR, Acting Associate Justice, concur.