660 So.2d 300 (1995)
Richard GOLDMAN and Patricia Goldman, Appellants,
v.
STATE FARM FIRE GENERAL INSURANCE COMPANY, a foreign corporation, Appellee.
No. 94-0925.
District Court of Appeal of Florida, Fourth District.
August 16, 1995.
Rehearing and Rehearing Denied October 3, 1995.
*301 Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Jeffrey M. Liggio of Liggio & Luckman, P.A., West Palm Beach, for appellants.
Mary M. Casteel and D. David Keller of Bunnell, Woulfe, Keller & Gillespie, P.A., Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied October 3, 1995.
RIVKIND, LEONARD, Associate Judge.
Appellants, plaintiffs below, appeal from a final summary judgment entered in favor of appellee, defendant below, in an action for the breach of an insurance policy. This appeal presents issues arising from a condition in the insurance contract which required each insured to submit to examinations under oath while not in the presence of any other insured. Although motions for summary judgments are reviewed with special scrutiny and a jury determination is generally favored,[1] we have nonetheless concluded that the entry of summary judgment was correct. The facts material to the instant appeal follow.

I.
In June 1992, appellee issued a homeowners/tenants insurance policy to appellants which included personal property and contents coverage. The appellants' residence was burglarized on October 8, 1992, and they submitted a sworn proof of loss setting forth their claim under the policy. Appellee then began investigating appellants' claim and the circumstances surrounding the loss. On December 30, 1992, as part of its investigation, appellee demanded in writing that both appellants submit to an examination under oath as well as produce certain documents and records. Such demand was made pursuant to a policy condition requiring the insured to submit to an examination under oath. In a section entitled "Suits Against Us," the policy expressly provides that "no action shall be brought unless there has been compliance with the policy provisions."
The examinations under oath were initially scheduled for January 14, 1993, but were rescheduled at the request of appellants' counsel. There is no genuine factual dispute that appellants were aware of appellee's request that they submit to examinations under oath at a mutually convenient time and place as contemplated by the policy.
On January 19, 1993, appellants filed suit against appellee for breach of the insurance contract,[2] maintaining that although they had *302 complied with all conditions precedent necessary to entitle them to recovery under the insurance policy, appellee had refused to pay their claim. On the same date that suit was filed, appellants' attorney wrote to appellee's counsel suggesting that the sworn statements be renoticed as depositions in accordance with the Florida Rules of Civil Procedure.[3] Appellee, by letter dated March 1, 1993, renewed its requests for appellants to submit to examinations under oath.
On March 30, 1993, appellee moved for summary judgment on its affirmative defenses of noncompliance with the policy provisions arguing that appellants' failure to submit to examinations under oath prior to filing suit constituted a material breach of the policy terms as well as a failure to satisfy a condition precedent to filing suit on the insurance policy. In support of its motion, appellee submitted affidavits to the effect that it had been unable to complete its investigation due to appellants' failure to submit to an examination under oath; that appellee had neither made payment of the loss nor denied the claim due to its inability to complete its investigation; and that appellants had commenced their legal action against appellee prior to the taking of the examination under oath.
In opposition to the motion for summary judgment, appellants in their opposing affidavits stated that they had complied with the requests of appellee in regard to their claim under the insurance policy to the best of their ability and that, at no time, had they refused to submit to a sworn statement under oath by appellee.
On January 5, 1994, the trial judge granted appellee's motion for summary judgment finding as follows:
1. The contractual requirement for an insured to submit to examination under oath is a valid and binding provision, with which an insured must comply before bringing suit against the insurer on the policy.
2. The Plaintiffs failed to appear for examinations under oath prior to filing suit, despite written requests by STATE FARM.
3. The Plaintiffs' failure to submit to examinations under oath prior to filing their lawsuit is a material breach of the insurance contract which will relieve the insurer of its obligation to pay under the policy. Stringer v. Fireman's Fund Insurance Co., 622 So.2d 145 (Fla. 3d DCA 1993).
On March 9, 1994, final judgment was entered for appellee on the breach of contract claim. Appellants have appealed from the final judgment.

II.
Appellants argue on appeal that summary judgment was improper because genuine issues of material fact existed as to whether appellants' failure to submit to the examination was material and whether such failure resulted in substantial prejudice to appellee.[4] Because a finding of prejudice is not essential to a resolution of the legal issues raised in this case, we find that appellants have failed to establish the existence of any genuine issue of material fact which would preclude *303 the entry of summary judgment. See Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979) (summary judgment appropriate upon failure of opposing party to present competent evidence revealing a genuine issue of fact: "It is not enough for the opposing party merely to assert that an issue does exist").

III.
An insured's refusal to comply with a demand for an examination under oath is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy. Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922, 932 (Fla. 1909) (insured's refusal to comply with policy condition that insured submit to an examination under oath "will preclude the insured from recovering upon the policy, where it provides that no suit can be maintained until after a compliance with such condition"); Stringer v. Fireman's Fund Ins. Co., 622 So.2d 145 (Fla. 3d DCA), review denied, 630 So.2d 1101 (Fla. 1993) (the failure to submit to an examination under oath is a material breach of the insurance policy which will relieve the insurer of the obligation to pay under contract). Other jurisdictions have similarly interpreted the examination under oath requirement of an insurance policy, holding that failure to submit to examination under oath is a material breach of the policy terms and a condition precedent to an insured's right to recover and/or bring suit under the policy. See, e.g., Pervis v. State Farm Fire & Cas. Co., 901 F.2d 944 (11th Cir.), cert. denied, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990) (policy provision requiring the insured to take an examination under oath was a condition precedent to suit and that noncompliance constituted a material breach justifying the entry of summary judgment); Fineberg v. State Farm Fire & Cas. Co., 113 N.C. App. 545, 438 S.E.2d 754, review denied, 336 N.C. 315, 445 S.E.2d 395 (1994) (failure to comply with insurance policy condition of submission to examination under oath bars recovery under policy as well as the right to bring suit under policy); Watson v. National Sur. Corp., 468 N.W.2d 448 (Iowa 1991); see also 5A J. Appleman & J. Appleman, Insurance Law & Practice § 3549, at 549-50 (1970) (citing jurisdictions which hold that failure to submit to an examination under oath constitutes material breach and is a defense to an action on the policy); 13A G. Couch, Couch on Insurance 2d § 49A:361, at 759 (M. Rhodes rev. ed. 1982); 44 Am.Jur.2d Insurance § 1364, at 290-91, § 1366 at 294 (1982); Christopher Vaeth, Annotation, Requirement Under Property Insurance Policy That Insured Submit To Examination Under Oath As To Loss, 16 A.L.R.5th 412 (1993).
In analogous cases, where the terms of the insurance policy require that the insured submit to other types of examinations, such as independent medical examinations, Florida courts have held that the insured's willful refusal to submit to such examinations constitutes a material breach which bars recovery. See Griffin v. Stonewall Ins. Co., 346 So.2d 97 (Fla. 3d DCA 1977); DeFerrari v. Government Employees Ins. Co., 613 So.2d 101 (Fla. 3d DCA), review denied, 620 So.2d 760 (Fla. 1993); Allstate Ins. Co. v. Graham, 541 So.2d 160 (Fla. 2d DCA 1989); Tindall v. Allstate Ins. Co., 472 So.2d 1291 (Fla. 2d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986).
The determinative issue in this case is whether the policy provision requiring the insured to submit to a sworn examination outside the presence of the other insured is a condition precedent to filing suit.[5] A substantial line of cases supports the rule that an insurer need not show prejudice when the insured breaches a condition precedent to suit. See United States Fidelity & Guar. Co. v. Wigginton, 964 F.2d 487 (5th Cir.1992) (fire policy was rendered void by insured's *304 failure to submit to examination under oath, regardless of whether insurer was prejudiced where an examination clause was a condition precedent); Bolivar County Bd. of Supervisors v. Forum Ins. Co., 779 F.2d 1081 (5th Cir.1986) (no showing of prejudice necessary when provision is condition precedent); Reliance Ins. Co. v. County Line Place, Inc., 692 F. Supp. 694 (S.D.Miss. 1988) (no showing of prejudice necessary when notice provision is condition precedent); Bankers Ins. Co. v. Macias, 475 So.2d 1216 (Fla. 1985) (in cases involving the breach of a condition precedent, the burden is on the insured to show a lack of prejudice); DeFerrari, 613 So.2d at 101 (Fla. 3d DCA 1993) (prejudice is not at issue when an insured refuses to submit to an examination because the examination is a condition precedent to coverage); Wolverine Ins. Co. v. Sorrough, 122 Ga. App. 556, 177 S.E.2d 819 (1970) (insured's noncompliance with condition precedent precluded recovery notwithstanding lack of showing of prejudice by insurer).
On the other hand, if the provision is a cooperation clause,[6] the burden would be on the insurer to demonstrate substantial prejudice before a breach would preclude recovery under the policy. See Macias, 475 So.2d at 1216 (Fla. 1985) (failure to cooperate is a condition subsequent and it is proper to place the burden of showing prejudice on the insurer); Bontempo v. State Farm Mut. Auto. Ins. Co., 604 So.2d 28 (Fla. 4th DCA 1992); Ramos v. Northwestern Mut. Ins. Co., 336 So.2d 71 (Fla. 1976) (an insurer may not avoid liability under its policy by merely showing the violation of a clause requiring "assistance and cooperation" of the insured without a further showing of how this violation prejudiced the insurer); American Fire & Cas. Co. v. Collura, 163 So.2d 784 (Fla. 2d DCA), cert. denied, 171 So.2d 389 (Fla. 1964); American Fire & Cas. Co. v. Vliet, 148 Fla. 568, 4 So.2d 862 (Fla. 1941); United States Fidelity & Guar. v. Snite, 106 Fla. 702, 143 So. 615 (Fla. 1932). We note that the issue before us has not been decided in any of the cooperation clause cases cited above. In Leasing Service Corp. v. American Motorists Ins. Co., 496 So.2d 847 (Fla. 4th DCA 1986), review denied, 508 So.2d 13 (Fla. 1987), a case involving the breach of an examination under oath provision of an insurance contract, there are general statements to the effect that an insurer may not avoid liability under its policy by merely showing the violation of a clause requiring "assistance and cooperation" of the insured without a further showing of how this violation prejudiced the insurer. The court, however, did not address the precise questions of whether compliance with the examination under oath provision was a condition precedent to suit or whether the insured's refusal to submit to the examination under oath constituted a material breach of the insurance contract. "It is axiomatic that no decision is authority on any question not raised and considered." See State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4, 6 (Fla. 1930); State ex rel. Christian v. Austin, 302 So.2d 811, 818 (Fla. 1st DCA 1974), quashed in part, cause remanded, 310 So.2d 289 (Fla. 1975); Mattis, STARE DECISIS AMONG AND WITHIN FLORIDA'S DISTRICT COURT OF APPEAL, 18 U.Miami L.Rev. 148 (1990).
We conclude that the policy provisions requiring appellants to submit to examinations under oath are conditions precedent to suit rather than cooperation clauses. See Fineberg, 438 S.E.2d at 754 (compliance with a condition in a fire insurance policy, such as the examination under oath provision, is a condition precedent to suing on a fire policy); Pervis, 901 F.2d at 946 (construing requirement that insured submit to examination under oath as condition precedent to suit); Watson, 468 N.W.2d at 448. Cf. Thompson v. West Virginia Essential Property Ins. Ass'n., 186 W. Va. 84, 411 S.E.2d 27 (1991) (policy language made compliance with an examination under oath provision a condition precedent to recovery rather than to suit); *305 Puckett v. State Farm General Ins. Co., 444 S.E.2d 523 (S.C. 1994).
Notwithstanding appellants' affidavits to the contrary,[7] the giving of recorded statements or the taking of depositions with both sides present does not constitute substantial compliance with the policy conditions. See Pervis, 901 F.2d at 946 (recorded statements insured gave to insurer did not satisfy insured's obligation under policy to submit to "examination under oath" before filing action to recover policy proceeds); Archie v. State Farm Fire & Cas. Co., 813 F. Supp. 1208, 1213 (S.D.Miss. 1992) (insured's agreement to sit for deposition following suit did not satisfy spirit of insurance policy mandating examinations under oath). Cf. Thompson, 411 S.E.2d at 27; Farm Bureau Town & Country Ins. Co. of Missouri v. Crain, 731 S.W.2d 866 (Mo. App. 1987) (factual question whether insured's initial refusal to answer questions during examination under oath was repaired by subsequent deposition).
We are unpersuaded that appellee's post-suit deposition of appellants obviated any prejudice to appellee.[8] The policy does not provide that depositions may be substituted for examinations under oath as appellants suggest. Rather, depositions and examinations under oath serve vastly different purposes. First, the obligation to sit for an examination under oath is contractual rather than arising out of the rules of civil procedure. Second, an insured's counsel plays a different role during examinations under oath than during depositions. Third, examinations under oath are taken before litigation to augment the insurer's investigation of the claim while a deposition is not part of the claim investigation process. Fourth, an insured has a duty to volunteer information related to the claim during an examination under oath in accordance with the policy while he would have no such obligation in a deposition. Finally, the insurer has the right to examine insured independently in sworn examinations while it would have no parallel right to do so under the Florida Rules of Civil Procedure. See Ferrigno v. Yoder, 495 So.2d 886 (Fla. 2d DCA 1986), review denied sub nom. Suncoast Insurers, Inc. v. Ferrigno, 504 So.2d 768 (Fla. 1987) (trial court abused its discretion when precluding plaintiffs from attending each other's depositions).
Furthermore, since the insurance policy clearly requires compliance with all of its requirements in order for appellants to bring this action, appellants' failure to comply with any one of the conditions as a matter of law would be sufficient grounds for upholding the lower court's order.
Since forfeitures are not favored, this court has considered the possibility of remanding the case with directions that appellants submit to an examination under oath. However, we decline to exercise this option since any belated compliance by appellants more than two (2) years subsequent to the loss and the commencement of suit would satisfy neither the spirit nor intent of the policy conditions at issue.[9]See Watson v. National Sur. Corp., 468 N.W.2d 448 (Iowa 1991) (insured's belated offers to submit to examinations under oath were not substantial *306 compliance with questioning-under-oath provision of fire policy since insurer needed evidence at time of investigation when facts were more easily recalled and before crucial evidence was destroyed or became otherwise unavailable); Pervis, 901 F.2d at 948 (insured's offer came too late to be considered); Azeem v. Colonial Assurance Co., 96 A.D.2d 123, 468 N.Y.S.2d 248, 250 (1983) (insured's willingness to submit to examination under oath almost one and a half years after the first scheduled examination and two years after the fire does not satisfy contractual obligation of cooperation).
We, therefore, hold that the policy provision at issue is a condition precedent to suit and that appellants' noncompliance precludes an action on the policy regardless of a showing of prejudice by the insurer.
AFFIRMED.
DELL and POLEN, JJ., concur.
NOTES
[1] See, e.g., Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979); McClain v. McDermott, 232 So.2d 161 (Fla. 1970); Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966).
[2] This cause was originally filed in the county court but later transferred to the Palm Beach County Circuit Court. A bad faith count added to the complaint was voluntarily dismissed without prejudice.
[3] Although appellants claim appellee was subsequently able to depose them under oath, the policy does not expressly provide that depositions may be substituted for examinations under oath as appellants suggest. Instead, the policy requires separate examinations under oath for each insured. The trial judge declined to equate depositions with examinations under oath noting that "there is a big difference between taking a sworn statement under the provisions of this contract and taking of a deposition. It's a horse of another color." Each insured was deposed in the other's presence.
[4] A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact, and the court must draw every reasonable inference in favor of the nonmoving party. Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979); Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966). "A material fact, for purposes of a summary judgment motion, is a fact that is essential to the resolution of the legal questions raised in the case. If the record raises the slightest doubt that an issue might exist, then summary judgment is improper." Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991); see Fine Arts Museums Found. v. First Nat. in Palm Beach, a Div. of First Union Nat. Bank of Florida, 633 So.2d 1179 (Fla. 4th DCA), review denied sub nom. Olean Gen. Hosp., Inc. v. Fine Arts Museums Found., 641 So.2d 1346 (Fla. 1994).
[5] "Conditions in policies of insurance are part of the consideration for assuming the risk, and the insured, by accepting the policy, becomes bound by these conditions. There are two kinds of conditions  precedent and subsequent. A condition precedent is one that is to be performed before the contract becomes effective, while a condition subsequent pertains to the contract of insurance after the risk has attached and during its existence." 30 Fla.Jur.2d Insurance, § 567. As a general rule, conditions precedent are not favored, and courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication. In re Estate of Boyar, 592 So.2d 341 (Fla. 4th DCA 1992).
[6] Most liability insurance policies contain a socalled "cooperation clause" providing that the insured shall cooperate with the insurer, shall attend hearings and trials upon the insurer's request, and shall assist in effecting settlements, in securing and giving evidence, in obtaining the attendance of witnesses, and in the conduct of suits. The purpose of such a cooperation clause is to prevent fraud and collusion in proceedings to determine liability once notice has been given. Bankers Ins. Co. v. Macias, 475 So.2d 1216 (Fla. 1985).
[7] This court finds that appellants' affidavit does not preclude a grant of summary judgment for appellee. See Tippens v. Celotex Corp., 805 F.2d 949, 954 (11th Cir.1986) (court may disregard affidavit on summary judgment motion if blatantly and inherently inconsistent with other documentary evidence).
[8] While we conclude that no issue of prejudice is involved, if prejudice were to be considered, the burden would fall on the insured to prove no prejudice to the insurer by the insured's actions. Macias, supra.
[9] A provision in an insurance policy requiring the insured to submit to examination under oath must be complied with, and, if breached, the insurer will be deprived of a valuable right for which it had contracted. 5A J. Appleman & J. Appleman, Insurance Law & Practice § 3549, at 549-50 (1970); American Reliance Ins. Co. v. Riggins, 604 So.2d 535, 535-36 (Fla. 3d DCA 1992) (insured is absolutely required to submit to an examination under oath when requested by an insurer). The purpose of the examination under oath provision was set forth by the United States Supreme Court in Claflin v. Commonwealth Ins. Co., 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76 (1884), in which the court stated that the object of the policy provision is to enable the insurer to possess itself of all knowledge and all information as to other sources and means of knowledge, in regards to the facts, material to its rights, to enable it to decide upon its obligations and to protect it against false claims.