798 So.2d 811 (2001)
Matthew HAIMAN, Appellant,
v.
FEDERAL INSURANCE COMPANY, Appellee.
No. 4D01-800.
District Court of Appeal of Florida, Fourth District.
October 24, 2001.
Bill Ullman, Miami, for appellant.
David W. Molhem of Strickland, Molhem & Fraley, P.A., Tampa, for appellee.
WARNER, J.
In appellant's suit to pay an insured loss of a watch, the trial court granted summary judgment in favor of appellee insurance company on two grounds: (1) that appellant made a misrepresentation of material fact related to the claim; and (2) that he failed to comply with document production demanded by appellee prior to instituting suit. Because an examination of the record reveals that there are disputed issues of material fact as to both issues, we reverse.
As to the first issue, materiality is a question of fact to be determined by the trier of fact. See, e.g., Silverman v. Pitterman, 574 So.2d 275, 276 (Fla. 3d *812 DCA 1991); Beneby v. Midland Nat'l Life Ins. Co., 402 So.2d 1193, 1194 (Fla. 3d DCA 1981). Appellant had two Rolex watches, only one of which was insured and was the subject of the loss. While appellant agrees that he initially misrepresented where he originally obtained the second uninsured watch, he corrected his statement very soon thereafter, and thus, he maintains it could have had no effect on appellee's investigation. Whether that constitutes a material misrepresentation which would void coverage should be determined by the trier of fact.
As to the second issue, there is a disputed issue of fact as to whether certain documents requested by appellee were in fact produced. Appellant's affidavit states that they were. Moreover, while appellee cites to Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300, 304 (Fla. 4th DCA 1995), for the proposition that compliance with the insured's duties after a loss is a condition precedent to suit, this case is distinguishable. In Goldman, pursuant to the policy, the insured was required to submit to an examination under oath respecting a loss. The policy also stated that no action against the company could be maintained until the insured complied with all policy provisions. The insured did not make himself available for any examination prior to filing suit. We held that this was a condition precedent to any action. See id.
In this case, the policy contained a similar "examination under oath" provision, which required the insured to "produce all records we required." Not only did appellant appear for a examination under oath, but he produced volumes of documents for the insurance company. We agree with Diamonds & Denims, Inc. v. First of Georgia Insurance Co., 203 Ga.App. 681, 417 S.E.2d 440, 441-42 (1992), that,
[a] total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law. If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury.
(Citations omitted).
In this case, appellee's affirmative defense stated that the failure to produce documents was a material breach of the policy. Whether the failure to produce documents requested is a material breach would be a question of fact for the jury. For the foregoing reasons, we reverse and remand for further proceedings.
POLEN, C.J. and GUNTHER, J., concur.