ROWE, J.,
concurring.
I concur in the majority opinion, but write to explain that even if preserved, the trial court’s order would be affirmable on the merits.
Ms. Sweeney’s insurance policy set forth the insured’s obligations under the policy when there is a claim for loss, specifically providing that, “In case of loss [the insured] must ... submit to examinations under oath.... ” Courts construing similar provisions have held that where a policy requires an insured to submit to an examination under oath, such examination is a condition precedent to a suit, and failure to comply with the examination precludes an action on the policy by the insured. See, e.g., Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 305 (Fla. 4th DCA 1995). Here, the record demonstrates that Ms. Sweeney failed to appear for an examination under oath, despite repeated attempts by Citizens to contact her at her address of record for the purpose of scheduling the examination.
Ms. Sweeney asserts on appeal that she did not receive the letters from Citizens notifying her that an examination under oath was being scheduled. However, as previously noted, Ms. Sweeney made no such argument to the trial court. In addition, under Florida law, there is a rebutta-ble presumption that mail properly addressed, stamped, and mailed was received by the addressee. Brown v. Giffen Indus., Inc., 281 So.2d 897, 900 (Fla.1973) (on rehearing). The presumption arises only where there is proof that the mail was being sent to the correct address. Star Lakes Estates Ass’n v. Auerbach, 656 So.2d 271, 273 (Fla. 3d DCA 1995). Here, *843 the record demonstrates that Citizens mailed several letters to Ms. Sweeney’s correct address. Each of the letters from Citizens was sent to the same address (the address of the insured property identified on Ms. Sweeney’s policy), and two of the letters were received at that address: one bore a signature purporting to be Ms. Sweeney’s signature, with a receipt re-toned to Citizens, and another was responded to by phone to request rescheduling. Based on this record evidence, Ms. Sweeney is presumed to have received the letters from Citizens. Ms. Sweeney has not presented any record evidence to rebut this presumption.
Ms. Sweeney also asserts on appeal that notwithstanding her failure to submit to an examination under oath, she should be relieved of this obligation under her policy because her failure was not willful. In support, she argues that during the course of pursuing her claim against Citizens that she met repeatedly with adjusters representing Citizens and responded to discovery requests submitted by Citizens during the course of litigation. Not only did Ms. Sweeney fail to present these arguments to the trial court, her arguments are unsupported by the law. Even if Ms. Sweeney complied with Citizens’ discovery requests or cooperated with Citizens in other respects, Ms. Sweeney was still required to submit to the examination under oath as a condition precedent to filing suit. Goldman, 660 So.2d at 305 (holding insured’s willingness to cooperate in depositions insufficient to block judgment for insurer based on failure to appear for examination under oath).