[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 10-13183

———————

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| APRIL 3, 2012 |
| JOHN LEY |
| CLERK |

D. C. Docket No. 1:09-cv-23624-JLK

MERLY NUNEZ,
a.k.a. Nunez Merly,

                                        Plaintiff-Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,

                                        Defendant-Appellee.

———————

Appeal from the United States District Court
for the Southern District of Florida

———————

(April 3, 2012)

Before DUBINA, Chief Judge, FAY and KLEINFELD,* Circuit Judges.

———————

*Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

DUBINA, Chief Judge:

Merly Nuñez, a class representative, appeals the district court's dismissal of her complaint for failure to state a claim and its order denying her motion for reconsideration.   Nuñez argues that examinations under oath ("EUOs") are impermissible conditions precedent to personal injury protection ("PIP") coverage under Florida law and the Florida No-Fault automobile insurance statute based on the Florida Supreme Court's decision in *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1089 n.1, 1091 (Fla. 2010) (per curiam).  Geico Insurance Company insists that any statements regarding EUOs by the Florida Supreme Court in *Custer* were merely *dicta* and not controlling.  As a result of varying interpretations of *Custer* in the lower Florida state courts, we conclude that Florida law is unclear in the context of statutorily mandated insurance and the Florida No-Fault Statute and certify this question to the Florida Supreme Court.

**I.**

Nuñez is the named plaintiff and class representative in this class action brought pursuant to Florida Rule of Civil Procedure 1.220.  Nuñez was in a car accident on September 17, 2008, and suffered injuries.  She has an insurance policy with Geico that provides for PIP benefits.  When she requested payment of her medical bills pursuant to the terms of her insurance policy, Geico denied her

2

coverage. She alleges that she was denied coverage because she failed to attend an EUO. Geico asserts that an EUO is a prerequisite to receiving benefits under its policy.

Nuñez filed a class action lawsuit asserting four counts against Geico. The action was filed in state court on October 26, 2009, and removed to the United States District Court for the Southern District of Florida on December 4, 2009, under CAFA, 28 U.S.C. § 1332(d). On January 7, 2010, Geico filed a motion to dismiss Nuñez's complaint on all four counts under Federal Rule of Civil Procedure 12(b)(6). The district court granted Geico's motion to dismiss with prejudice on April 13, 2010.

Nuñez filed a timely motion for reconsideration on May 11, 2010, which the district court denied. Nuñez appeals the dismissal of count two only, which asked the district court to determine whether Florida's PIP Statute, FLA. STAT. § 627.736, permits EUOs as a prerequisite to receiving PIP benefits. The district court found that there was no language in the PIP statute prohibiting an insurer from requiring an EUO.

On September 8, 2011, Geico sent a letter to the Eleventh Circuit Clerk of Court, pursuant to Federal Rule of Appellate Procedure 28(j), to advise this court of supplemental authority. Geico asserts that two recent opinions from the

3

Appellate Division of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, impact Geico's position in this appeal: *State Farm Fire & Cas. Co. v. Suncare Physical Therapy, Inc.*, No. 08-648 AP (Fla. Cir. Ct., July 13, 2011), and *United Auto. Ins. Co. v. Diaz*, 18 Fla. L. Weekly Supp. 348a (Fla. Cir. Ct., Feb. 3, 2011). Both cases discuss *Custer* and come to different conclusions on whether EUOs are permissible conditions precedent to the payment of PIP benefits under automobile insurance policies. Geico filed a motion to certify the question of *Custer*'s precedential value and effect to the Florida Supreme Court, and we carried that motion with this case.

## II.

"Where there is doubt in the interpretation of state law, a federal court may certify the question to the state supreme court to avoid making unnecessary *Erie*[1] guesses and to offer the state court the opportunity to interpret or change existing law." *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 632 F.3d 1195, 1197 (11th Cir. 2011) (quoting *Tobin v. Mich. Mut. Ins. Co.*, 398 F.3d 1267, 1274 (11th Cir. 2005) (per curiam)). Two unpublished Florida state court decisions decided after the appeal in this case call into question the effect of the Florida Supreme Court's statements on EUOs in *Custer*.

---

[1]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

4

A.  *Custer Med. Ctr. v. United Auto. Ins. Co.*

In *Custer*, the medical center provided treatment to a patient whose injuries were covered under the PIP benefits of an automobile insurance policy.  *Custer*, 62 So. 3d at 1089.  After the treatment was complete and bills were submitted, United Automobile Insurance Company scheduled two independent medical examinations ("IMEs") for the patient.  *Id.*  The patient did not appear for either IME, and United denied the patient's PIP benefits.  *Id.*  The *Custer* lawsuit had nothing to do with EUOs but the court references an EUO in *dictum* in one footnote:

> **The concept of a verbal examination under oath is not relevant due to the posture of this case and positions of the parties**. The only argument in this case at the trial court, circuit court, and district court of appeal was based upon medical exams and the failure to attend medical exams. **A purported verbal exam under oath *without counsel* in the PIP context is invalid** and more restrictive than permitted by the statutorily mandated coverage and the terms and limitations permitted under the statutory provisions. The prohibition of policy exclusions, limitations, and non-statutory conditions on coverage controlled by statute is clear.
> . . .
> PIP insurance is markedly different from homeowner's/tenants insurance, property insurance, life insurance, and fire insurance, which are not subject to statutory parameters and are simply a matter of contract not subject to statutory requirements.

*Id.* at 1089, n.1 (citing *Flores v. Allstate Ins. Co.*, 819 So. 2d 740, 745 (Fla. 2002)) (emphasis added).  Since the reference to EUOs is in a footnote and the court itself

5

states that EUOs are not relevant to the appeal in *Custer*, this footnote is *obiter dictum* and not binding on any court.

An EUO is mentioned again in the procedural history and analysis sections of the *Custer* decision when the court explains why United petitioned the Third District Court of Appeals for certiorari. *Custer*, 62 So. 3d at 1091. The Florida Supreme Court recognized that the circuit court appellate division quashed the circuit court's decision solely on the authority of two cases that were not reconcilable: *Griffin v. Stonewall Ins. Co.,* 346 So. 2d 97 (Fla. Dist. Ct. App. 1977), and *Goldman v. State Farm Gen. Ins. Co.,* 660 So. 2d 300 (Fla. Dist. Ct. App. 1995). The Florida Supreme Court clarified the cases:

> In *Griffin,* the Third District considered the 1975 version of the PIP statute, which did *not* include the "*unreasonable refusal* " provision, and held that an insured's failure to comply with the condition precedent of attendance at a medical examination constituted grounds to enter judgment for the insurer. *Goldman* involved a *homeowner's* insurance policy and the insured's failure to attend an examination under oath pursuant to the contractual terms of the policy, which has no application in the statutorily required coverage context. **The Florida No–Fault statute is mandatory and does not recognize such a condition. It is therefore invalid and contrary to the statutory terms.**

*Id.* (citations omitted) (emphasis added). The Florida Supreme Court was merely outlining the complex procedural history of the case when it mentioned EUOs in this context. However, in the footnote the court distinguished statutory PIP

6

coverage—at issue in this case—from other types of insurance like homeowners, fire, life, and property insurance that are based purely on contract. That comment, along with the court's suggestion that the no-fault statute is mandatory and does not recognize an EUO as a condition precedent, puts the law in this area in question.

Although the Florida Supreme Court's statements on EUOs in *Custer* are *dicta*, at least one Florida court finds the decision persuasive. *See United Auto. Ins. Co. v. Diaz*, 18 Fla. L. Weekly Supp. 348a, at *5 (Fla. Cir. Ct., Feb. 3, 2011) (relying on *Custer* and holding that an EUO cannot be a condition precedent to payment of medical bills under a PIP insurance policy), *but cf. State Farm Fire & Cas. Co. v. Suncare Physical Therapy, Inc.,* No. 08-648 AP, at *5 (Fla. Cir. Ct., July 13, 2011) (finding that the EUO statements in *Custer* were *dicta* and could not be relied upon as precedent and thus holding that EUOs are permissible conditions precedent to the payment of PIP benefits under automobile insurance policies in the State of Florida). To date, *Diaz* is the only Florida case that clearly holds that an EUO cannot be a condition precedent to PIP recovery.

B. *Florida's No-Fault Statute*

Under Florida's No-Fault Statute, an insured is not expressly required to attend an EUO as a condition precedent to bringing suit against an insurer to

7

recover PIP benefits.  *See* FLA. STAT. § 627.736.  Likewise, there is no language in the PIP statute prohibiting an insurer from requiring an EUO.  Conditions not expressly addressed in a statute governing insurance coverage are subject to a two part test: (1) "whether the condition or exclusion unambiguously excludes or limits coverage[;]" and (2) "whether enforcement of a specific provision would be contrary to the purpose of the . . . statute.*" Flores v. Allstate Ins. Co.*, 819 So. 2d 740, 745 (Fla. 2002).

As Geico points out, EUOs are consistent with many provisions in the No-Fault Statute.  Section 627.736(4) states that benefits from an insurer are "due and payable as loss accrues, upon receipt of *reasonable proof* of such loss . . . ." FLA. STAT. § 627.736(4) (emphasis added); *see Amador v. United Auto Ins. Co.*, 748 So. 2d 307, 308 (Fla. Dist. Ct. App. 1999) (acknowledging that "reasonable proof" could include the requirement that an insured submit to an EUO).  Subsection (4)(h) of the statute provides that benefits are not due under the statute if there is evidence of fraud "admitted to in a sworn statement by the insured."  FLA. STAT. § 627.736(4)(h).  Additionally, Section 627.414(3) expressly authorizes insurers to include any "additional provisions not inconsistent with this code and which are . . . [d]esired by the insurer and neither prohibited by law nor in conflict with any provisions required to be included therein."  FLA. STAT. § 627.414(3).

8

Geico argues that EUOs are permitted as conditions precedent to coverage under the PIP statute because they meet the *Flores* test.  Yet in *Flores*, the Florida Supreme Court noted that in determining whether a condition not expressed in the statute is valid, "analogies to cases interpreting coverages that are not statutorily mandated, such as provisions in fire, life, and property insurance policies, may not necessarily be illuminating in guiding our analysis [because both PIP and uninsured motorist are statutorily mandated coverages]." *Flores*, 819 So. 2d at 745.  Many of the cases cited by Geico in its brief, while in general support an insurer's right to require EUOs before payment, do not directly address the EUO problem at issue because they do not involve statutorily required coverage.

C. *Florida Case Law*

Although we believe the Florida Supreme Court's statements regarding EUOs in *Custer* are *dicta* and not binding, Florida law is far from clear.  Geico points to Florida Supreme Court and intermediate appellate court decisions that affirm the right of insurers to require an EUO in connection with its investigation of a claim for PIP benefits.  While there is a long history of Florida courts generally affirming the right of an insured to require EUOs prior to payment of benefits, these cases deal with insurance contracts not based on statute.  *See S. Home Ins. Co. v. Putnal*, 49 So. 922, 932 (Fla. 1909) (affirming that insured's

9

refusal to comply with fire insurance policy condition that insured submit to an examination under oath precluded recovery); *Edwards v. State Farm Fla. Ins. Co.*, 64 So. 3d 730, 732 (Fla. Dist. Ct. App. 2011) (affirming summary judgment for insurer on ground that insured failed to comply with pre-suit requirement of submitting to EUO in property insurance contract); *Gonzalez v. State Farm Fla. Ins. Co.,* 65 So. 3d 608, 609 (Fla. Dist. Ct. App. 2011) (same); *Goldman v. State Farm Fire Gen. Ins. Co.,* 660 So. 2d 300, 303 (Fla. Dist. Ct. App. 1995) (affirming that "an insured's refusal to comply with a demand for an examination under oath is a willful and material breach of [a homeowner's] insurance contract which precludes the insured from recovery under the policy").

Because the court in *Custer* suggested that an EUO is not a condition precedent to PIP coverage and distinguished EUO cases under PIP with statutorily mandated coverage from other types of coverage that are not statutorily mandated, the decision suggests that an EUO is not a condition precedent to PIP coverage. Absent a clear decision from the Florida Supreme Court on this issue, "we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). The Florida Supreme Court has specifically approved this rule by holding that "[t]he

10

decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by [the Florida Supreme Court]." *Id.* (quoting *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992)).

The Florida appellate courts have not decisively ruled on this issue. The only case that discusses the right of an insurer to require the insured to submit to an EUO in the statutory context as a condition precedent to coverage is *Shaw v. State Farm Fire & Cas. Co.*, 37 So. 3d 329 (Fla. Dist. Ct. App. 2010) (en banc), decided six months before *Custer*. In *Shaw*, the issue before the court was whether an EUO clause in an automobile insurance policy was binding on an assignee of the right to payment of no-fault benefits, and the court held that an assignee medical provider is not required to submit to an EUO. *Id.* at 335. Before reaching that conclusion, the court stated that "[i]t is undisputed that a provision in an insurance policy that requires the insured to submit to an EUO qualifies as a condition precedent to recovery of policy benefits." *Id.* at 331. Because the decision was not unanimous and the court thought the issue had a wide-ranging impact, the court certified the following question to the Florida Supreme Court: "Whether a health care provider who accepts an assignment of no-fault insurance proceeds in payment of services provided to an insured can be required by a provision in the policy to submit to an examination under oath as a condition to

11

the right of payment?" *Id.* at 335.  That question has not yet been answered by the Florida Supreme Court.

The court in *Shaw* clearly stated that an EUO is a condition precedent to recovery of benefits if the insurance policy requires the insured to submit to an EUO.  *Id.* at 331.  However, the court did not distinguish the statutory coverage at issue in that case from other types of insurance like the Florida Supreme Court did in *dicta* in *Custer*.  Indeed, the court in *Shaw* cited the same cases Geico relies on here to support the position that EUOs are valid conditions precedent under Florida law, none of which directly apply to statutorily-imposed coverage.  Based on the *dicta* in *Custer*, it could be that the Florida Supreme Court may not follow the appellate court's statement in *Shaw*.  The interpretation of the Florida No-Fault Statute is a question of state law that has not been specifically addressed by the Florida Supreme Court or the intermediate state appellate courts.

### III.

For the foregoing reasons, we delay final judgment in this case until the Florida Supreme Court has had an opportunity to consider whether an insurer can require an insured to submit to an EUO as a condition precedent to recovery of PIP benefits under the Florida No-Fault Statute.  Rather than attempting an *Erie* "guess" as to how the Florida Supreme Court would rule on this issue, we certify

12

the following question to the Florida Supreme Court, pursuant to Fla. Const. art.

V, § 3(b)(6). *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1143 (11th

Cir. 2010):

> Whether, under FLA. STAT. § 627.736, an insurer can require an
>
> insured to attend an EUO as a condition precedent to recovery of PIP
>
> benefits?

The answer to this question will assist this court in determining whether

Nuñez was required to submit to an EUO prior to filing suit against Geico.  To

facilitate the resolution of this question, we direct the Clerk to transmit the entire

record of this case, together with copies of the parties' briefs, to the Florida

Supreme Court.  Of course, the Florida Supreme Court is in no way limited by our

question and may consider the case as it sees fit.

QUESTION CERTIFIED.

13