WARNER, J.
The insureds appeal a final summary judgment in favor of State Farm, their property insurer, on their claim that State Farm failed to pay a property damage claim. The trial court held that, because the insureds had not appeared for an examination under oath as required by the policy provisions, they failed to comply with a condition precedent to suit, resulting in judgment for State Farm and a forfeiture of benefits. The record, however, reveals that disputed issues of fact remain as to the extent of the Solanos’ compliance with the policy provisions. We therefore reverse.
The insureds, Dr. and Mrs. Solano, own residential property insured by State Farm and damaged during Hurricane Wilma in 2005. The policy required the insureds to comply with certain post-loss conditions, including submitting to an examination under oath (“EUO”), submitting sworn proofs of loss, giving timely notice of damages, and exhibiting damages at State Farm’s request.
Although State Farm made payments in 2006, the Solanos hired a public adjuster in 2009 who asked State Farm to reopen the claim. The adjuster submitted a claim in excess of $200,000. State Farm did inspect the property with the adjuster and made an additional payment for some damage, but notified the Solanos that it would continue to investigate the other damage claims. Thereafter, the adjuster submitted several additional sworn proofs of loss, increasing the amount of damage claimed.
After the third sworn proof of loss, State Farm asked the Solanos to submit to an EUO. It also asked that the adjuster submit to examination if the Solanos intended to rely on his knowledge and opinions. The Solanos appeared for the EUO and brought a fourth proof of loss.
Dr. Solano was examined under oath’ and deferred almost entirely to the adjuster as to the type and extent of damages, as well as its cost. He did relate the damage he saw after the hurricane, as well as the *369 progress of the repairs. He also deferred to his wife to answer a few questions.
At the end of Dr. Solano’s interview, he refused to allow his wife to submit to an EUO that day, because he felt that examination might put her under too much mental stress. The adjuster also refused to give a statement under oath, although he said he might do so in the future. He took the position that State Farm could not compel him to provide a sworn statement.
Later, State Farm informed the Solanos that they had deprived it of a meaningful EUO and asked them to present any additional documents or information regarding their claim. State Farm also asserted the Solanos had failed to provide a proper sworn proof of loss. The adjuster responded for the Solanos, asking why the proofs of loss were deficient. State Farm eventually responded, explaining which documents it still needed and why it believed the proofs of loss were deficient.
The Solanos thereafter retained counsel who wrote to State Farm in July 2010, submitting a fifth proof of loss and demanding an appraisal. Counsel offered to submit Mrs. Solano to an EUO. State Farm accepted the fifth proof of loss together with documentation as complying with the policy, but asserted an appraisal was premature until it had investigated the claim.
The parties scheduled Mrs. Solano’s EUO for October 12, 2010. State Farm asked to examine her and the adjuster, as well as to receive the documentation requested in its letters. Five days before the scheduled EUO, the Solanos’ counsel filed a complaint against State Farm to compel an appraisal.
Mrs. Solano appeared for the EUO on October 12th and was prepared to testify, but State Farm’s counsel, citing the filing of the lawsuit and pending litigation, declined to proceed with the EUO.
After State Farm moved to dismiss the original complaint, the Solanos filed an amended complaint alleging State Farm had breached the policy by denying coverage. The amended complaint did not request appraisal.
State Farm moved for summary judgment, arguing the Solanos had failed to comply with their post-loss obligations before filing suit, in violation of the policy’s “no action” clause. Specifically, State Farm argued the Solanos failed to appear for a “full, complete and meaningful” EUO and did not provide all the requested documentation. The Solanos countered with affidavits from the adjuster and Dr. Solano detailing the information that State Farm had been provided regarding the damages, as well as countering the allegations in State Farm’s affidavits.
Following the hearing, the court issued an order granting summary judgment for State Farm. The court made several findings that the Solanos had failed to submit to a meaningful EUO which, as a condition precedent, precluded recovery under the policy, citing Jacobs v. Nationwide Mutual Fire Insurance Co., 2002 WL 34543222 (S.D.Fla. Sept. 10, 2002), and Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300 (Fla. 4th DCA 1995). The court later entered final judgment for State Farm. After the denial of a motion for rehearing, the Solanos appeal the final judgment.
An order granting summary judgment is reviewed de novo. Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1085 (Fla.2005). In the context of summary judg-ihent, an appellate court reviews a trial court’s factual findings to make sure they are supported by undisputed evidence; a genuine dispute of material fact will preclude summary judgment. Kroener v. Fla. *370 Ins. Guar. Ass’n, 63 So.3d 914, 916 (Fla. 4th DCA 2011); see also Progressive Express Ins. Co. v. Camillo, 80 So.3d 394, 399 (Fla. 4th DCA 2012) (“A trial court may not weigh the evidence or judge the credibility of witnesses in arriving at summary judgment.”).
We have held that an EUO requirement in an insurance policy is a condition precedent to recovery, and “[a]n insured’s refusal to comply with a demand for an [EUO] is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy.” Goldman, 660 So.2d at 303; see also Edwards v. State Farm Fla. Ins. Co., 64 So.3d 730, 732-33 (Fla. 3d DCA 2011) (relying on Goldman and affirming summary judgment for insurer where insured did not submit any requested documents and failed to submit to an EUO).[1]
Although “[a] total failure to comply” with a condition precedent can preclude an insured from recovering, in a case like this where an insured cooperates to some extent, a fact question remains as to whether the condition is breached to the extent of denying the insured any recovery under the policy. Haiman v. Fed. Ins. Co., 798 So.2d 811, 812 (Fla. 4th DCA 2001). In Haiman, this court reversed an order granting summary judgment for the insurer where the insureds had at least partially complied with a post-loss condition. This court distinguished Goldman, because in Goldman the insured refused to make himself available for any examination prior to filing suit. In Haiman, the insured had appeared for the EUO and brought substantial documentation, although apparently not all the documents demanded by the insurer. We said: “Whether the failure to produce documents requested is a material breach would be a question of fact for the jury.” Id.; see also Lewis v. Liberty Mut. Ins. Co., 121 So.3d 1136, 1137 (Fla. 4th DCA 2013) (finding EUO requirement was barred by PIP statute but, even if it was not, “we would also reverse the final summary judgment, because an issue of fact remained as to whether [the insured’s] refusal to attend the EUO, under the conditions required by [the insurer], was unreasonable”); Makryllos v. Citizens Prop. Ins. Corp., 103 So.3d 1032, 1034 (Fla. 2d DCA 2012); Sunshine State Ins. Co. v. Corridori, 28 So.3d 129, 131 (Fla. 4th DCA 2010); Schnagel v. State Farm Mut. Auto. Ins. Co., 843 So.2d 1037, 1038 (Fla. 4th DCA 2003).
Here, there was not “a total failure to comply” by the Solanos. Dr. Solano appeared for his sworn statement, gave answers to some of the questions posed, and deferred to the adjuster for most of the information and to his wife on others. He arranged for the adjuster to attend the EUO, but the adjuster on his own refused to provide a sworn statement. State Farm did not show that the insureds could compel the adjuster to provide a sworn statement. Nevertheless, the adjuster did furnish a significant amount of documentation with the various sworn proofs of loss, the fifth of which State Farm affirmatively accepted as adequate. In addition, State Farm representatives actually inspected the property, going over the claims with *371 the adjuster. A question of fact remains as to whether there was sufficient compliance with the cooperation provisions of the policy to provide State Farm with adequate information to settle the loss claims or go to an appraisal, thus precluding a forfeiture of benefits owed to the insureds.
We therefore conclude that the trial court erred in granting summary final judgment in favor of State Farm, as material issues of fact remain. We reverse and remand for further proceedings.
FORST and KLINGENSMITH, JJ., concur.

. We do not address State Farm Mutual Automobile Insurance Co. v. Curran, 135 So.3d 1071 (Fla.2014). Although in State Farm Automobile Insurance Co. v. Curran, 83 So.3d 793 (Fla. 5th DCA 2011), the Fifth District certified conflict with our decision in Goldman, as well as certifying a question of great public importance, the supreme court declined to address the conflict and decided the case based upon the question presented. Curran, 135 So.3d at 1076 n. 8. While the issue addressed in Curran is similar to the issue addressed here, the court’s analysis hinges on matters which are not present in this case.