DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERTO SOLANO** and **MARLENE SOLANO,**
Appellants,

v.

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellee.

No. 4D12-1198

[October 1, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Eileen O'Connor and John B. Bowman, Judges; L.T. Case No. 10-40785 02.

Timothy H. Crutchfield and Adrian N. Arkin of Mintz Truppman, P.A., North Miami, for appellants.

Kara Berard Rockenbach and David A. Noel of Methe & Rockenbach, P.A., West Palm Beach, for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

Appellee's motion for rehearing is denied.

FORST and KLINGENSMITH, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

In its motion for rehearing, State Farm contends that our opinion conflicts with *Goldman v. State Farm Fire General Insurance Co.*, 660 So. 2d 300 (Fla. 4th DCA 1995). In *Goldman*, we held that a policy provision requiring the insured to submit to an examination under oath (EUO) was a condition precedent. *Id.* at 304. Where the insured refused to submit to the examination prior to filing suit, the insured failed to comply with a condition precedent and forfeited his insurance coverage. *Id.* at 305-06.

We distinguished *Goldman* in *Haiman v. Federal Insurance Co.*, 798 So. 2d 811 (Fla. 4th DCA 2001), by concluding that while a total failure to comply with policy provisions might amount to a breach precluding recovery, as in *Goldman*, "If, however, the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury." *Haiman*, 798 So. 2d at 812 (quoting *Diamonds & Denims, Inc. v. First of Georgia Ins. Co.*, 417 S.E.2d 440, 441-42 (Ga. Ct. App. 1992)). This case is more like *Haiman* than *Goldman*.

Moreover, I question the continued viability of *Goldman*'s analysis that the requirement to submit to an EUO is a "condition precedent," based upon the supreme court's analysis in *State Farm Mutual Automobile Insurance Co. v. Curran*, 135 So. 3d 1071 (Fla. 2014). In *Curran*, the court considered whether an insured's failure to appear for a compulsory medical examination ("CME"), which was required in an uninsured motorist insurance policy, constituted the breach of a condition precedent, when the policy also provided that no action could be brought against the insurer until the insured complied with all terms of the policy. *Id.* at 1072-73. The court held that the policy provision was not a condition precedent. *Id.* at 1076. The court explained:

> The terms "condition precedent" and "condition subsequent" are defined as follows in Florida:
>
>> A condition precedent is one that is to be performed before the contract becomes effective. Conditions subsequent are those that pertain not to the attachment of the risk and the inception of the policy but to the contract of insurance after the risk has attached and during the existence thereof. A condition subsequent presupposes an absolute obligation under the policy and provides that the policy will become void, or its operation defeated or suspended, or the insurer relieved wholly or partially from liability, upon the happening of some event or the doing or omission of some act.
>
> 31 Fla. Jur. 2d Insurance § 2686 (2013) (footnotes omitted).[10]
>
>> [10] The Supreme Court of Nebraska has given examples of conditions precedent as the obligation of the applicant to satisfy the requirements of insurability, be in good health for life and health insurance policies, pay the required premium, and answer all questions in the application to the

2

best of the applicant's knowledge and belief. *D & S Realty, Inc. v. Markel Ins. Co.*, 280 Neb. 567, 789 N.W.2d 1, 9–10 (2010).

*Id.* at 1078 (footnote within original quote). As part of its reasoning, the court concluded that the insurance company's interpretation of the "no action" clause would turn every obligation of the insured into a condition precedent, which was contrary to the court's own precedent:

[State Farm's argument that] the "no action" language in the policy applies to every term of the policy, regardless of whether the insured's duties are capable of being performed prior to filing an action against the insurer. Consequently, adherence to State Farm's argument would turn every duty, including the duty to assist and cooperate, considered a condition subsequent in [*Bankers Insurance Co. v.*] *Macias*, [475 So. 2d 1216 (Fla. 1985)] into a condition precedent to coverage and suit. *Macias*, 475 So. 2d at 1218 (failure to cooperate is a condition subsequent and it is proper to place the burden of showing prejudice on the insurer).

*Id.* at 1078-79 (footnotes omitted). The court rejected this interpretation and concluded that the clause requiring a CME was not a condition precedent, meaning "an insured's breach of this provision should not result in post-occurrence forfeiture of insurance coverage without regard to prejudice." *Id.* at 1079.

Certainly, the *Curran* analysis and *Goldman* are inconsistent. Like CMEs conducted under uninsured motorist policies, EUOs conducted under homeowner insurance policies are conducted *after* the policy has gone into effect, in the event of a loss allegedly covered by the policy. Furthermore, the "Suits Against Us" clause relied upon by State Farm in this case, like the "no action" language at issue in *Curran*, applies to every provision in the policy.

*Curran* does not address *Southern Home Insurance Co. v. Putnal*, 49 So. 922 (Fla. 1909), which State Farm also contends is in conflict with our opinion. *Putnal* involved a similar "no action" provision in a fire policy and the failure of an insured to appear for an examination on the loss. However, as is so common in these much older cases from our legal history, the case proceeded on a complicated analysis of pleas, demurrers, and replications, terms foreign to our modern jurisprudence. The court appears to have construed this provision as valid and binding on the insured, concluding that any action brought prior to compliance was

"premature." *Id.* at 932. This holding may be consistent with *Curran,* as the court in *Curran* also noted that the policy's "no action" action clause would lead to a conclusion that the filing of an action prior to compliance with all policy terms would make the action premature, usually cured by abating the action, rather than a forfeiture of benefits. *Curran,* 135 So. 3d at 1079. The opinion in *Putnal* never declares that the "no action" provision makes the EUO a condition precedent.

The Fifth District certified conflict with *Goldman* in *State Farm Mutual Automobile Insurance Co. v. Curran,* 83 So. 3d 793 (Fla. 5th DCA 2011). Because the supreme court answered the certified question also posed by the appellate court, it did not specifically reach the conflict with *Goldman.* Nevertheless, its reasoning and the reasoning in *Goldman* are inconsistent, and it would be this court's duty to follow the opinions of the supreme court.

Cases involving the interpretation of the "no action" clause arise frequently. I would hope that in a proper case the supreme court would provide additional guidance on this issue. If our decision is contrary to *Putnal,* then State Farm may have that vehicle to obtain supreme court review.

*       *       *

4