DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STUDIO IMPORTS, LTD., INC.,**
Appellant,

v.

**LANDMARK AMERICAN INSURANCE COMPANY,**
a foreign corporation,
Appellee.

No. 4D14-2128

[November 12, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 09-003623-CACE (21).

Kevin Fabrikant of Fabrikant & Hernandez, P.A., Hollywood, for appellant.

Lauren D. Levy of Levy Law Group, P.A., Coral Gables, for appellee.

PER CURIAM.

*Affirmed. See Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300 (Fla. 4th DCA 1995).

LEVINE and KLINGENSMITH, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

For the reasons stated in my concurrence on rehearing in *Solano v. State Farm Florida Insurance Co.*, 155 So. 3d 367, 371 (Fla. 4th DCA 2014), I conclude that *State Farm Mutual Automobile Insurance Co. v. Curran*, 135 So. 3d 1071 (Fla. 2014), effectively rejects the analysis of *Goldman v. State Farm Fire General Insurance Co.*, 660 So. 2d 300 (Fla. 4th DCA 1995), that failure to submit to an examination under oath after an insurance claim is made, constitutes a breach of a condition precedent in the policy. In this case, unlike *Solano*, there was a total failure to submit to an examination under oath ("EUO"). Thus, this case

squarely presents a conflict between *Curran* and *Goldman*, because the court's analysis in *Curran* holds that such a provision is a condition subsequent, not a condition precedent, and does not compel a forfeiture of benefits in the event of noncompliance.

Not only do I think there is conflict, I also think this constitutes a question of great public importance. In *Whistler's Park, Inc. v. Florida Insurance Guaranty Ass'n*, 90 So. 3d 841 (Fla. 5th DCA 2012), the late Judge Jacqueline Griffin wrote of the proliferation of cases involving EUO litigation and the forfeiture of benefits under policies of insurance, based more on a strategy to deny claims than to arrive at the truth about an insurance claim:

> As discussed in *Curran*, several of Florida's district courts of appeal have concluded that the failure of an insured to appear for an EUO prior to filing suit to recover an unpaid claim is a material breach of contract, requiring forfeiture of coverage. These decisions have led to a cottage industry of EUO litigation. If an insurer can procure a failure to comply—or, even better, a refusal to comply—with the EUO requirement, they have a perfect defense to payment. Similarly, if counsel for insureds can bait the insurer into refusing payment without adequate justification, this may trigger a bad faith claim. The actual, if unglamorous, true purpose of the EUO—verification of the insured's loss—has been lost in this larger battle. No doubt there can be genuine instances of insurance fraud, but the recent and ever—escalating [sic] number of EUO cases that have arisen all over the state appear to be more about strategy than truth.

*Id.* at 845. I agree with Judge Griffin's comments. Because of the explosion of this litigation, the Florida Supreme Court needs to clarify this area and determine whether *Curran* applies to the refusal to attend an EUO.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***