843 So.2d 1037 (2003)
Lynda SCHNAGEL, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 4D02-2961.
District Court of Appeal of Florida, Fourth District.
May 7, 2003.
*1038 John G. Crabtree and Thomas M. Pflaum of John G. Crabtree, P.A., Key Biscayne, and John W. Conness of John W. Conness, P.A., Fort Lauderdale, for appellant.
Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
STEVENSON, J.
The instant appeal stems from the trial court's entry of final summary judgment in favor of the defendant insurer, State Farm Mutual Automobile Insurance Company, and against its insured, Lynda Schnagel. We reverse.
Schnagel's 1996 Lexus was insured by State Farm and, in April 2000, Schnagel reported the car stolen. State Farm believed that Schnagel was somehow involved in the theft and, pursuant to the policy's cooperation clause, demanded that Schnagel provide it with a variety of documents, including financial records. Schnagel provided some, but not all of the requested documents. Since Schnagel acknowledged that she had not provided all of the requested documents, the trial judge concluded that she had breached the policy's cooperation clause and, consequently, entered judgment in favor of State Farm. This was error. Where, as here, an insured cooperates to some degree, the issue of whether there has been a material breach of the insurance contract is one for a jurynot the trial judge. See Haiman v. Fed. Ins. Co., 798 So.2d 811, 812 (Fla. 4th DCA 2001). Accordingly, we reverse the final judgment in favor of State Farm and remand for further proceedings.
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.