**William J. LAINE, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

No. 5:03CV326–RH/WCS.

United States District Court,
N.D. Florida,
Panama City Division.

Jan. 4, 2005.

**1304**

J. Ben Watkins, J. Ben Watkins PA, Carrabelle, FL, for Plaintiff.

Gina G. Smith, William L. Wallis, Butler Pappas Weihmuller PA, Tallahassee, FL, for Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

HINKLE, Chief Judge.

This action arises from a fire that damaged a building. The plaintiff, who owned the building, seeks recovery against his fire insurer. The insurer asserts the plaintiff set the fire. The plaintiff was convicted in state court of arson, but the conviction was overturned on appeal based on insufficiency of the evidence.

The insurer has moved for summary judgment based on the plaintiff's failure to submit to an examination under oath as required by the policy. I grant the motion.

### I

Plaintiff William J. Laine owned a building in Port St. Joe, Florida, in which he operated a restaurant. On November 23, 1998, in the middle of the night, a fire caused substantial damage to the building. The building and its contents were insured by defendant Allstate Insurance Company.

Mr. Laine was charged in Florida state court with arson. A trial in January 2000 resulted in a hung jury. A retrial in October 2001 resulted in a guilty verdict. Mr. Laine went to prison. In March 2003, the conviction was reversed on appeal for insufficiency of the evidence, and Mr. Laine was released. *See Laine v. State*, 838 So.2d 1242 (Fla. 1st DCA 2003).

Meanwhile, Mr. Laine made a claim under his Allstate policy. On repeated occasions in 1999 and 2000, Allstate demanded that Mr. Laine submit to an examination under oath, in accordance with the policy provision requiring Mr. Laine, in the event of a claim, to "[a]llow us to question you under oath about your claim." (Document 59, ex. B, p. 36, ¶ 11g.) Mr. Laine, through counsel, sought repeated delays, citing his wish not to be examined while the criminal case remained pending. Allstate acquiesced in delays but consistently made clear that the examination would be required. Allstate ultimately set the examination under oath for August 9, 2000, and refused to agree to any further delay. Mr. Laine did not appear for the examination.

By letter dated November 10, 2000, Allstate denied Mr. Laine's claim, citing his failure to appear for the required examination under oath and his failure to produce records. Allstate heard nothing further from Mr. Laine until this lawsuit was filed in November 2003.

### II

It is undisputed that (a) the policy at issue explicitly required Mr. Laine to allow Allstate to examine him under oath regarding the claim; (b) Allstate demanded that Mr. Laine appear for an examination under oath; (c) Mr. Laine did not appear as scheduled; and (d) Mr. Laine never made himself available for such an examination at any time before Allstate denied

the claim or, indeed, at any time before he filed this lawsuit.

■ The law is settled that an insurance policy provision requiring an insured to submit to an examination under oath is lawful and binding. *See, e.g., Goldman v. State Farm Fire Gen'l Ins. Co.,* 660 So.2d 300 (Fla. 4th DCA 1995) (upholding summary judgment for insurer based on insured's failure to appear for examination under oath prior to filing suit); *Stringer v. Fireman's Fund Ins. Co.,* 622 So.2d 145 (Fla. 3d DCA 1993) (affirming judgment for insurer: the "failure to submit to an examination under oath is a material breach of the policy which will relieve the insurer of its liability to pay," quoting treatise); *Pervis v. State Farm Fire & Cas. Co.,* 901 F.2d 944 (11th Cir.1990) (upholding judgment for insurer based on insured's failure to appear for examination under oath in case arising under Georgia law); *see also De Ferrari v. Gov't Employees Ins. Co.,* 613 So.2d 101 (Fla. 3d DCA 1993) (affirming summary judgment for insurer based on insured's failure to appear for medical examination as required by policy). As one leading treatise has put it:

> A provision in a policy requiring the insured to submit to examination under oath regarding the loss is reasonable and valid, and if breached, the insurer would be deprived of a valuable right for which it had contracted.

5A John A. Appleman & Jean Appleman, *Insurance Law & Practice* § 3549 at 549–50 (1970).

There are four arguments that have been or might be offered in opposition to a judgment for an insurer on this basis, but none helps Mr. Laine here.

■ First, it might be suggested that the obligation to appear is tempered by a rule of reasonableness: that an insured should be able to delay any appearance for good reason, and that an insurer ought not be able to insist unreasonably on an immediate appearance. Thus if, for example, Allstate had insisted on an immediate appearance by Mr. Laine prior to his first criminal trial, and if Mr. Laine had decided, based on the advice of his attorney, not to appear at that time, one might assert that Mr. Laine ought not lose his insurance benefits for that reason alone. Whether that argument would carry may be subject to considerable doubt. *See, e.g., Pervis,* 901 F.2d 944 (holding that privilege against self-incrimination and pendency of a criminal charge do not excuse failure to appear for examination under oath); *Mello v. Hingham Mutual Fire Ins. Co.,* 421 Mass. 333, 656 N.E.2d 1247, 1252 (1995) (same; "the insurer should not have to delay its investigation for an indeterminate and possibly lengthy period to comport with the interests of the insured"). But here it does not matter, because Allstate acquiesced in delays until long after Mr. Laine testified in his first criminal trial. Having already submitted to cross-examination at that trial, any interest Mr. Laine had in continuing to avoid an examination under oath by Allstate was significantly reduced. Meanwhile, the trail was getting cold, and Allstate insisted that the examination occur without further delay. When Mr. Laine refused, it was reasonable for Allstate to declare a breach and stand on its rights. Moreover, Mr. Laine ultimately won the criminal case on appeal (after another trial); at that point, there were no pending criminal charges and little prospect that any further criminal charges would ever be filed. This left Mr. Laine no reasonable basis at all for refusing to submit to an examination under oath, but still he did not offer to appear.[1] In short,

---

1. In *Pervis,* as in the case at bar, the insured refused to appear for an examination under oath, and then testified in his criminal trial.

Allstate acted reasonably, but Mr. Laine did not; Mr. Laine made the willful decision not to submit to an examination under oath, even when reasonable grounds for delay were no longer available.

■ Second, it might be suggested that an insurer should be able to avoid paying a claim based on an insured's failure to appear for an examination only if the insurer suffers prejudice as a result of the nonappearance. Again, whether this argument would carry the day may be subject to considerable doubt; the law of contracts ordinarily makes materiality of the breach, not prejudice, the point of departure for issues of this type, and Florida intermediate appellate courts have so held, specifically in this context. *See, e.g., Stringer,* 622 So.2d at 145 (affirming judgment for insurer: the "failure to submit to an examination under oath is a material breach of the policy which will relieve the insurer of its liability to pay," quoting treatise); *Goldman,* 660 So.2d 300 (holding no showing of prejudice is required in order for insurer to prevail based on insured's failure to appear for examination under oath); *see also De Ferrari,* 613 So.2d 101 (affirming summary judgment for insurer based on insured's failure to appear for medical examination as required by policy and stating that no showing of prejudice is re-

quired). More importantly, it is obvious that delaying an examination of an insured for more than five years after a fire that the insured allegedly set causes prejudice.[2] At the very least, Mr. Laine has failed to establish lack of prejudice, and thus could not prevail even under the most favorable view of the law he could reasonably advocate. *See Bankers Ins. Co. v. Macias,* 475 So.2d 1216 (Fla.1985) (upholding judgment for insurer after trial based on insured's failure to give notice of loss; notice is a condition precedent, so burden of establishing lack of prejudice is on insured, who failed to carry burden).

■ Third, it might be suggested that an insurer's ability to depose the insured during a lawsuit cures any failure to submit to an examination under oath. The law, however, is to the contrary. *See, e.g., Goldman,* 660 So.2d 300 (holding insureds' willingness to submit to depositions insufficient to block judgment for insurer based on failure to appear for examination under oath). Moreover, the delay, at least when, as here, the lawsuit is not filed until five years after the fire, causes substantial prejudice, as set forth above.

■ Finally, it might be suggested that an insured ought not be required to submit to an examination under oath if he pro-

---

He filed suit against the insurer four months later. In upholding summary judgment for the insurer, the Eleventh Circuit said the insured made no offer to appear for an examination under oath after testifying in the criminal trial, and the court noted that the insurer had no obligation to repeat the request for an examination. *Pervis,* 901 F.2d at 947–48. The same is true in the case at bar—except that Mr. Laine explicitly refused to appear for an examination even after testifying at the criminal trial, and the period between the end of all criminal proceeding and the filing of this action was longer, making Allstate's position here even stronger than that of the insurer in *Pervis.*

2. Perhaps the greatest tool for investigation of this type of issue is taking prompt statements and checking for inconsistencies. Five years later, when all the other evidence is known (or has disappeared with the passage of time), the chance of catching an insured in inconsistent statements is markedly reduced. It is true, of course, that if the insured was and is telling the truth—that is, if the insured did not set the fire—nothing will have been lost. But the whole point of the examination under oath requirement is to afford the insurer an opportunity investigate *whether or not* the insured was and is telling the truth. Depriving the insurer of that opportunity is sufficient prejudice, even if, indeed, prejudice is required.

vides other evidence—records and the like—from which the insurer can make an intelligent inquiry into what happened. It is this assertion on which Mr. Laine places principal reliance. He says he provided records and releases authorizing Allstate to obtain additional records from his accountant and from banks. Mr. Laine says he thus cooperated, and that under Florida law, whether that cooperation was sufficient must be determined by a jury.[3]

Mr. Laine cites no authority for the proposition that an insured may provide records and thus avoid the obligation to appear for an oral examination under oath. No such authority exists. The contract these parties entered requires an insured to submit to an examination under oath, not just to produce records or cooperate in an insurer's investigation in other respects. When Mr. Laine chose not to comply with this obligation, he committed a material breach of the contract.

For these reasons,

IT IS ORDERED:

Defendant's motion for summary judgment (document 55) is GRANTED. The clerk shall enter judgment stating, "The complaint is dismissed with prejudice. The counterclaim is dismissed as moot." The clerk shall close the file.

---

**3.** In support of this assertion, Mr. Laine relies principally on three cases. In *Haiman v. Federal Ins. Co.*, 798 So.2d 811 (Fla. 4th DCA 2001), the trial court granted summary judgment for the insurer, but the appellate court reversed, holding there was a disputed issue of fact over whether the insured complied with his obligation to produce records demanded by the insurer. Unlike in the case at bar, however, the insured had appeared for an examination under oath. In *Schnagel v. State Farm Mut. Auto. Ins. Co.*, 843 So.2d 1037 (Fla. 4th DCA 2003), the trial court granted summary judgment for the insurer based on alleged breach of the policy's cooperation clause; the insured had provided some, but not all, of the documents requested by the insurer. No issue was raised regarding any obligation to appear for an examination under oath. In *Paulucci v. Liberty Mutual Fire Ins. Co.*, 190 F.Supp.2d 1312 (M.D.Fla. 2002), the insured appeared for an examination under oath, and the court granted summary judgment in favor of the insured on this issue. None of these cases involved an insured who refused to appear for an examination under oath, as Mr. Laine did, and none provides any support at all for the proposition that an insured need not appear for such an examination if he has provided sufficient other records. Further, to the extent *Haiman* and *Schnagel* could be read as authority for the proposition that all issues concerning the sufficiency of an insured's compliance with policy provisions of this type must be submitted to a jury, they are entitled to no weight in this federal court, where the governing summary judgment standards are those set forth in Federal Rule of Civil Procedure 56. *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 472–73, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (holding that even in diversity cases, federal rules, not contrary state procedures, govern matters to which they apply).