*1082 POLSTON, C.J.,
dissenting.
I respectfully dissent because the insurance policy at issue unambiguously includes a condition precedent that was not satisfied. The policy plainly conditions Curran’s right to sue to recover uninsured motorist (UM) benefits from State Farm on her pre-suit submission to a compulsory medical examination (CME). Specifically, it requires her to “be examined by physicians chosen and paid by [State Farm] as often as [State Farm] reasonably may require” and provides that “[t]here is no right of action against [State Farm] until all terms of this policy have been met.” Curran did not attend either CME that State Farm acted in good faith to schedule despite Curran’s attempts to “unilaterally change the contract terms under the guise of proffered conditions” for the CME. State Farm Mut. Auto. Ins. Co. v. Curran, 83 So.3d 793, 801-02 (Fla. 5th DCA 2011).[13]
Under these facts, though State Farm argues for a complete forfeiture of benefits, the contract requires dismissal of Cur-ran’s action because she had no right to bring it. Of course, nothing in the contract prohibits Curran from submitting to the requested CME and refiling her suit against State Farm, if she may do so within the applicable statute of limitations period.
However, instead of concluding that Curran’s failure to comply with the contract precludes her from suing State Farm until such time as she satisfies the condition precedent, the majority allows her judgment to stand over State Farm’s argument that it has no obligation to pay benefits that Curran had no right to sue for. To reach this result, the majority imposes an unprecedented requirement that the insurance company plead and prove that it is prejudiced by the insured’s failure to submit to a CME. Moreover, the majority erroneously extends its holding to all UM policies regardless of what those policies might actually say. See majority at 1073 (rephrasing the certified question to apply to all UM policies without deference to policy language specifying the consequences for failing to submit to a CME); see also State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So.3d 566, 569-70 (Fla.2011) (“In interpreting an insurance contract, we are bound by the plain meaning of the contract’s text.”).
The linchpin of the majority’s decision is its determination that a CME provision is a condition subsequent (akin to a cooperation clause) and not a condition precedent. Every other conclusion — who has the burden to plead and prove compliance with the CME provision; whether prejudice to the insurance company must result if the insured does not submit to a CME before filing suit; and, if prejudice is required, who has the burden to plead and prove it — flows from this determination. Cf. Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 303-04 (Fla. 4th DCA 1995) (“A substantial line of cases supports the rule that an insurer need not show prejudice when the insured breaches a condition precedent to suit.... On the other hand, if the provision is a [condition subsequent such as a] cooperation clause, the burden would be on the insurer to demonstrate substantial prejudice before a breach would preclude recovery under the policy.”) (footnote omitted) (citations omitted). Respectfully, the majority is incorrect on this critical issue.
*1083 The error originates from the majority’s definition of a condition precedent as a condition that must be performed before a contract becomes effective. See majority at 1077-78. By defining a condition precedent this way, the majority implies that every other type of condition is a condition subsequent that the insurance company must plead and prove to avoid liability. See id. However, this is incorrect because Florida also recognizes “a condition precedent to performance under an existing contract.” Mitchell v. DiMare, 936 So.2d 1178, 1180 (Fla. 5th DCA 2006); see also Black’s Law Dictionary 334 (9th ed. 2009) (defining a “condition precedent” as “[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises”). Further, this Court has consistently recognized that the party seeking to avoid a condition precedent to the other party’s duty to perform has the burden to plead and prove its satisfaction. See, e.g., Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985) (“The burden should be on the party seeking an avoidance of a condition precedent.”); see also Saris v. State Farm Mut. Auto. Ins. Co., 49 So.3d 815, 818 (Fla. 4th DCA 2010) (recognizing that the insured’s duty to “submit to a physical examination” is a duty that “relate[s] to the insured’s burden to establish that he is entitled to coverage”).
In addition to case law, treatises recognize that there are conditions precedent to the right to sue to recover contract benefits, not just to the contract’s existence. See, e.g., Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 196:23 (3d ed. 2012) (addressing the consequences of failing to comply with “condition[s] precedent to recovery or to suit”). For instance, one insurance treatise has explained that “[t]he CME requirement” at issue here “is analogous to the requirement for an examination under oath and is deemed a condition precedent to suit and to the recovery of benefits under the policy where the policy so provides” through a no-action provision. 2 Automobile Liability Insurance § 26:17 (4th ed. 2013) (emphasis added). See also 8-31 Corbin on Contracts § 31.1 (2012) (explaining that a no-action provision is “[a] very common method” of creating a condition precedent to suit for recovery of contract benefits); Robert H. Jerry, II & Douglas R. Richmond, Understanding Insurance Law 589 (5th ed. 2012) (“The insured’s submission to an examination under oath when requested by an insurer is a valid condition precedent to coverage.”).
Here, by virtue of the contract’s plain language, Curran’s submission to a CME was a condition precedent to her right to sue for UM benefits and, as a necessary corollary, a prerequisite to State Farm’s duty to provide coverage under the policy by paying those benefits. See S. Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922, 932 (1909) (recognizing that an insured’s refusal to submit to an examination under oath required by a fire insurance policy “will preclude the insured from recovering upon the policy, where it provides that no suit can be maintained until after a compliance with such condition”); Shaw v. State Farm Fire & Cas. Co., 37 So.3d 329, 331 (Fla. 5th DCA 2010) (“It is undisputed that a provision in an insurance policy that requires the insured to submit to an [examination under oath] qualifies as a condition precedent to recovery of policy benefits.”); Starling v. Allstate Floridian Ins. Co., 956 So.2d 511, 513-14 (Fla. 5th DCA 2007) (barring recovery under a property insurance policy because the insured failed to submit a proof-of-loss form, which was a “condition precedent to maintaining suit”); see also 20 John A. Appleman & Jean Appleman, Insurance Law and Practice § 11416 (2013) (“A plaintiff must, in order to recover under a policy, plead and prove the performance of all conditions precedent to recovery.... and, if there is a *1084 condition precedent, the party in whose favor the condition exists is not liable to an action until that condition has been met.”) (footnote omitted).
Therefore, under the plain language of the policy, any time before filing this suit, Curran could have submitted to the requested CME. However, by filing suit without satisfying this condition (or pleading and proving facts excusing her failure to do so), Curran discharged State Farm’s obligation to perform under the contract (at least with respect to this action). See Restatement (Second) of Contracts § 225 (1981) (“Performance of a duty subject to a condition cannot become due unless the condition occurs.... [T]he non-occurrence of a condition discharges the duty when the condition can no longer occur.”); see also Kinman v. State Farm Mut. Auto. Ins. Co., 411 Fed.Appx. 261, 261 (11th Cir.2011) (concluding the trial court did not err by finding the insured was “not entitled to coverage under the uninsured motorist provision” because the “policy required him to submit to the [medical examination] and he unreasonably refused to do so”); Orozco v. State Farm Mut. Auto. Ins. Co., 360 F.Supp. 223, 224 & n. 3 (S.D.Fla.1972) (concluding a UM policy’s physical examination requirement was a “condition[ ] precedent to the imposition of liability upon the [insurer]” where the policy contained a no-action clause prohibiting suit “unless, as a condition precedent thereto,” the insured fully complied with the policy’s terms).
Contrary to the majority’s suggestion otherwise, Curran’s duty to submit to a CME is not the same as the duty to cooperate that we have previously held is a condition subsequent. See majority at 1079. First, and most importantly, Cur-ran’s policy says these duties are different because it addresses her duty to “cooperate” and “assist” in “making settlements!,] securing and giving evidence!, and] attending and getting witnesses to attend hearings and trials” separately from her duty to submit to a CME. Further, a duty to cooperate with the insurance company while litigation is pending is markedly different from a CME requirement designed to give the insurance company the opportunity to investigate a claim and, if it is meritorious, pay benefits without resort to litigation. Finally, the majority’s concern that recognizing the CME requirement as a condition precedent would, because of the no-action provision, turn every other contractual duty into a condition precedent is unfounded. See majority at 1078-79 & n. 12. If a duty is incapable of being performed before suit is filed, its performance cannot be a condition precedent to suit. However, here, submission to the CME clearly could and should have occurred presuit, independent of Curran’s duty to cooperate during litigation. See Soronson v. State Farm Fla. Ins. Co., 96 So.3d 949, 952 (Fla. 4th DCA 2012) (using a plain language analysis to conclude that an insurance policy’s notice and proof-of-loss requirements were conditions precedent to suit, not cooperation clauses).
Because the CME provision is a condition precedent, prejudice to State Farm as a result of its breach is immaterial, and the correct result is that no action lies against State Farm as the contract provides. See Goldman, 660 So.2d at 303 (“[A]n insurer need not show prejudice when the insured breaches a condition precedent to suit.”); see also Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 196:2 (3d ed. 2012) (“[B]reach of a true condition precedent bars recovery without regard to prejudice.”) (citing Goldman, 660 So.2d at 300); 31A Fla. Jur.2d Insurance § 3233 (2013) (“Policy provisions requiring insureds to submit to an examination under oath (EUO) are conditions precedent to a suit, rather than cooperation clauses, and thus, a failure to comply precludes an action on *1085 the policy by the insured regardless of a showing of prejudice by the insurer. The refusal of the insured to submit to an EUO when required to do so is also a material breach of the policy, which will justify the insurer’s denial of recovery.”) (footnotes omitted).
Several courts have prevented plaintiffs who failed to submit to the presuit CMEs required by their insurance policies from recovering UM benefits. For example, the Third District held that an insured who filed suit without submitting to a medical examination that was “a condition precedent to coverage” could not maintain her action for UM benefits regardless of whether her failure to submit to the examination prejudiced the insurance company. De Ferrari v. Gov’t Emps. Ins. Co., 613 So.2d 101, 103 (Fla. 3d DCA 1993). Similarly, the Fourth District held that an examination under oath requirement was “a condition precedent to suit” under a homeowner’s policy and that the insured’s failure to submit to the examination before filing suit “preclude[d] an action on the policy regardless of a showing of prejudice by the insurer.” Goldman, 660 So.2d at 306. Also, the District Court for the Northern District of Florida concluded that an insured materially breached a fire insurance policy by filing suit without submitting to a required examination under oath. Laine v. Allstate Ins. Co., 355 F.Supp.2d 1303, 1304 (N.D.Fla.2005). In granting summary judgment for the insurance company, the federal court rejected the argument that an insured’s failure to appear for an examination excuses the insurance company’s obligation to pay benefits only if it prejudiced the insurance company, concluding that argument is “subject to considerable doubt” under Florida law, which is concerned with the “materiality of the breach, not prejudice.” Id. at 1306 (citing Goldman, 660 So.2d 300; Stringer v. Fireman’s Fund Ins. Co., 622 So.2d 145 (Fla. 3d DCA 1993); De Ferrari, 613 So.2d 101).[14]
In this case, I reject State Farm’s argument for a total forfeiture of benefits based on the plain language of the policy. Specifically, the policy provides that Cur-ran has “no right of action” against State Farm “until” the CME requirement is satisfied. Therefore, because Curran sued without first submitting to the requested CME, I would require dismissal. Cf. Clark v. Sarasota Cnty. Pub. Hasp. Bd., 65 F.Supp.2d 1308, 1310, 1312 (M.D.Fla.1998) (recognizing that Florida’s statutory medical malpractice presuit requirements are conditions precedent to suit and that, under Florida law, claims filed absent compliance with these requirements must be dismissed with or without prejudice, depending on whether the defects can be cured before the statute of limitations runs).
Instead of enforcing the contract’s plain language, the majority relies on this Court’s decisions in Macias, 475 So.2d 1216, and Custer Medical Center v. United Automobile Insurance Co., 62 So.3d 1086 (Fla.2010), to hold that compliance with any CME requirement in any UM policy is a condition subsequent and, therefore, *1086 any insured who files suit without first submitting to a CME is precluded from recovering benefits only where the insurance company pleads and proves prejudice. See majority at 1078-79,1080. Respectfully, neither decision compels nor supports the majority’s holding.
In Macias, this Court held that a provision in a PIP policy requiring the insured to give notice of an accident was a condition precedent to a claim instead of a condition subsequent. 475 So.2d at 1218. We explained that, under our precedent regarding notice provisions, “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Id. (citing Nat’l Gypsum Co. v. Travelers Indem. Co., 417 So.2d 254 (Fla.1982); Tiedtke v. Fid. & Cas. Co. of N.Y., 222 So.2d 206 (Fla.1969)). Therefore, we concluded that “[t]he burden should be on the insured” as “the party seeking an avoidance of a condition precedent” to establish “lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts and to examine the insured.” Id.
While Macias says that its holding “should apply to claims under a PIP policy just as well as to claims under other policies,” Macias involved the breach of a notice provision. Id. Accordingly, our district courts have expressly declined to extend Macias to breaches of presuit examination requirements serving different purposes than notice provisions. See De Ferrari, 613 So.2d at 108 (“[Prejudice is not at issue when an insurer’s reasonable request for [a medical examination] is refused by an insured. The Macias case in no way created a new duty to establish prejudice, where none previously existed.”); see also Goldman, 660 So.2d at 304, 306 (holding that an examination under oath provision was “a condition precedent to suit and that [the insured’s] noncompliance precludes an action on the policy regardless of a showing of prejudice by the insurer” after noting that Macias did not decide this issue).
However, even if Macias applied to the breach of an examination provision, thereby making prejudice an issue, it still would not support the majority’s decision to place the burden of pleading and proving prejudice on the insurance company. As the Fourth District recognized in Goldman, “if prejudice were to be considered, the burden would fall on the insured to prove no prejudice to the insurer.” 660 So.2d at 305 n. 8 (citing Macias, 475 So.2d 1216); see also Laine, 355 F.Supp.2d at 1306 (recognizing that “even under the most favorable view of [Florida] law,” Macias would place the burden on the insured “to establish lack of prejudice”). Accordingly, Macias does not justify the majority’s decision.
Custer also does not support the majority’s holding making the CME requirement a condition subsequent and placing the burden on the insurance company to plead and prove prejudice. In Custer, 62 So.3d at 1089, an insurance company refused to pay PIP benefits when its insured failed to appear for a medical examination the company scheduled after the insured completed all treatment for which PIP benefits were requested. The governing statute provided that the insurance company is “no longer liable for subsequent personal injury protection benefits” if “a person unreasonably refuses to submit to an examination.” Id. at 1090 (quoting § 672.736(7)(b), Fla. Stat. (2001)). We explained that, under the PIP statute, “[attendance at a medical examination may be a condition precedent to the payment of subsequent PIP benefits or, perhaps more accurately, an ‘unreasonable ’ failure to attend a requested medical examination may be a condition subsequent that divests the insured’s right to receive further subse *1087 quent PIP benefits. Id. at 1098-99. Therefore, we noted in dicta that to avoid liability for subsequent PIP benefits (which were not at issue in Custer because all treatment occurred before the examination was requested), the insurance company must prove that the insured unreasonably refused to attend the examination. Id. at 1100.
Unlike the PIP statute in Custer, neither the UM statute nor Curran’s policy requires proof that Curran unreasonably refused to submit to a CME. Likewise, Custer’s dicta concerning the burden of proof in the PIP context does not apply where the parties are litigating over uninsured motorist benefits. Cf. Custer, 62 So.3d at 1099 (finding the Third District’s decision in De Ferrari “inapposite” because it pertained to “uninsured motorist benefits, and did not address PIP coverage”).
Accordingly, neither Macias nor Custer provides a basis for this Court to condition enforcement of the parties’ contract on the insurance company’s ability to prove prejudice.[15] Moreover, by moving beyond the facts of this case to adopt a general rule applicable to all UM policies that provides no deference for what those policies might actually say, the majority contravenes law requiring courts to enforce the plain language of unambiguous contracts. See Or-ozco, 360 F.Supp. at 225 (“[T]he insurance policy is the contract between the parties and ... the provisions of that contract which are clear and unambiguous and which are neither illegal by statute nor by reason of their being against public policy, should be enforced by the courts. The courts may not rewrite for the parties insurance contracts which are clear and unambiguous.”). Therefore, I respectfully dissent.
Because the contract at issue specifies the consequences for Curran’s breach, I would rephrase the certified question as follows: Where an insurance policy requires the insured to submit to a CME prior to filing suit against the insurance company, does an insured who inexcusably failed to submit to a CME have a right of action for UM benefits against the insurance company? I would answer the rephrased question in the negative and quash the Fifth District’s decision in favor of the insured.
CANADY, J., concurs.

. As Judge Monaco explained in his concurring opinion below, the "rather transparent motive” for Curran's behavior was to put State Farm "in a position where it could not offer up the policy limits prior to suit, unless it did so without having a medical consultation that it had confidence in. This was about as thinly disguised a bad faith trap as is imaginable.” Curran, 83 So.3d at 808 (Monaco, J., concurring).

. The Fifth District acknowledged conflict between the decision on review and Goldman and De Ferrari. See Curran, 83 So.3d at 807. However, the majority elected not to address the issue. See majority at 1075 n. 8. In doing so, it ignored decisions supporting a contrary result, one of which — De Fenari — expressly and directly conflicts with the decision on review. See 2 Automobile Liability Insurance § 26:17 (4th ed. 2013) (recognizing that the Fifth District's decision in Curran "depart[sj from the rule” that a "CME requirement ... is deemed a condition precedent to suit and to the recovery of benefits under the policy where the policy so provides [and it] does not require the insurer to show that it was prejudiced by the breach”) (footnotes omitted).

. Even if I agreed with the majority’s new prejudice rule, I would disagree with its conclusion that the facts preclude a finding of prejudice to State Farm. See majority at 1080. The fact that Curran hied suit without submitting to the CME deprived State Farm of its right to investigate and evaluate Curran’s injuries prior to litigation and unjustifiably exposed State Farm to a bad-faith claim. This is sufficient to prove prejudice. See Laine, 355 F.Supp.2d at 1306 n. 2 ("Depriving the insurer of th[e] opportunity [to conduct an examination under oath] is sufficient prejudice, even if, indeed, prejudice is required.”).