*426 WARNER, J.,
dissenting.
For the reasons stated in my concurrence on rehearing in Solano v. State Farm Florida Insurance Co., 155 So.3d 367, 371 (Fla. 4th DCA 2014), I conclude that State Farm Mutual Automobile Insurance Co. v. Curran, 135 So.3d 1071 (Fla.2014), effectively rejects the analysis of Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300 (Fla. 4th DCA 1995), that failure to submit to an examination under oath after an insurance claim is made, constitutes a breach of a condition precedent in the policy. In this case, unlike Solano, there was a total failure to submit to an examination under oath (“EUO”). Thus, this case squarely presents a conflict between Curran and Goldman, because the court’s analysis in Curran holds that such a provision is a condition subsequent, not a condition precedent, and does not compel a forfeiture of benefits in the event of noncompliance.
Not only do I think there is conflict, I also think this constitutes a question of great public importance. In Whistler’s Park, Inc. v. Florida Insurance Guaranty Ass’n, 90 So.3d 841 (Fla. 5th DCA 2012), the late Judge Jacqueline Griffin wrote of the proliferation of cases involving EUO litigation and the forfeiture of benefits under policies of insurance, based more on a strategy to deny claims than to arrive at the truth about an insurance claim:
As discussed in Curran, several of Florida’s district courts of appeal have concluded that the failure of an insured to appear for an EUO prior to filing suit to recover an unpaid claim is a material breach of contract, requiring forfeiture of coverage. These decisions have led to a cottage industry of EUO litigation. If an insurer can procure a failure to comply — -or, even better, a refusal to comply — with the EUO requirement, they have a perfect defense to payment. Similarly, if counsel for insureds can bait the insurer into refusing payment without adequate justification, this may trigger a bad faith claim. The actual, if unglamorous, true purpose ■ of the EUO — verification of the insured’s loss — has been lost in this larger battle. No doubt there can be genuine instances of insurance fraud, but the recent and ever — escalating [sic] number of EUO cases that have arisen all over the state appear to be more about strategy than truth.
Id. at 845. I agree with Judge Griffin’s comments. Because of the explosion of this litigation, the Florida Supreme Court needs to clarify this area and determine whether Curran applies to the refusal to attend an EUO.