DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JUDY RODRIGO,**
Appellant,

v.

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellee.

No. 4D12-3410

[August 20, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502008CA019828XXXXMB.

Roy W. Jordan, Jr. of Roy W. Jordan, Jr., P.A., West Palm Beach, for appellant.

Anthony J. Russo, Jared M. Krukar and Curt Allen of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for appellee.

**On Motion for Rehearing,
Rehearing En Banc, and For Certification**

MAY, J.

We deny the insured's motion for rehearing, rehearing en banc, and for certification. We do however withdraw our previously issued opinion and substitute this opinion in its place.

An insured appeals an adverse final summary judgment on her claim for property damage to her condominium, its contents, and related expenses. She argues the trial court erred in entering summary judgment because: (1) the insurer waived a condition precedent, the sworn proof of loss requirement; and (2) her personal property was covered because the

damage was caused by a named peril, an "explosion."[1]  We disagree and affirm.

The insured's next door neighbor died, and time passed before the body was discovered.  During that time, the decomposed body leaked bodily fluids, which infiltrated the walls and the insured's apartment causing damage.  This is the event that gave rise to the insured's claim.

The insurance policy required the insured to file a sworn proof of loss within 60 days of the date of loss.  While the insured sent invoices and lists of damages, no one disputes that she failed to file a sworn proof of loss.  The policy further provided:

> **Loss Payment.**  We will adjust all losses with you. . . .  Loss will be payable 60 days after we receive your proof of loss and:
>
>     a.  reach agreement with you;
>     b.  there is an entry of a final judgment; or
>     c.  there is a filing of an appraisal award with us.

None of these events occurred.  However, the insurer's adjuster contacted a contractor, who inspected the unit and signed an appraisal award.  The insurer then tendered payment to the insured for that amount, but denied liability for personal property damage.  The insured did not accept the payment.

The insured filed a two-count complaint against the insurer.  The first count alleged that the appraisal was invalid, and requested the court to modify or vacate the award, or appoint new appraisers and a neutral umpire for a second appraisal.  In the second count, the insured alleged that the insurer breached its contract by failing to pay the owner the amount necessary to repair and remediate her unit, to compensate her for damage to her personal property, and for living expenses.

In its amended answer, the insurer pled that the insured had:

    (1)  materially breached her duty to satisfy conditions precedent;
    . . . .

---

[1] The insured raises other issues, which we find lack merit.  While we agree with the insured on the insufficiency of the insurer's affidavits, it does not alter the outcome of the case.  Our decision turns on the plain reading of the insurance policy and the agreed upon facts.

(5) failed to satisfy all policy provisions before bringing legal action; and

(6) otherwise failed to comply with her contractual obligations.

The insurer moved for partial summary judgment on the issue of coverage for personal property damage. While acknowledging that the insured made a claim for personal property damage, the insurer argued the policy covered personal property damage only for named perils, and a decomposing body was not one of them. The insured responded that the claim resulted from an "explosion," a named peril under the policy. She supplied an affidavit of a licensed physician, who attested that the deceased's body "underwent advanced decomposition" and "the internal contents of her body explosively expanded and leaked."

The insurer also moved for summary judgment on whether the insured failed to comply with a condition precedent—submitting a sworn proof of loss—constituting a material breach of the insurance policy. Because the insurer and insured never reached an agreement, no final judgment was entered, and no valid appraisal award existed, there was no coverage for the claims. The insured responded, in part, that the insurer had waived the "sworn proof of loss" requirement by tendering payment to the insured, and that other genuine issues of material fact precluded entry of a summary judgment.

The trial court entered a single final summary judgment for the insurer, finding that the insurer did not waive the condition precedent of a sworn proof of loss, there was no coverage, and the damage caused by the decomposing body did not constitute an "explosion" as a named peril. From this summary judgment, the insured now appeals.

The standard of review governing a trial court's ruling on a motion for summary judgment based upon the interpretation of an insurance policy is de novo. *Chandler v. Geico Indem. Co.*, 78 So. 3d 1293, 1296 (Fla. 2011).

The insured argues that the trial court erred by entering summary judgment because the insurer did not show that it was prejudiced by the insured's failure to submit a sworn proof of loss. We disagree.

"[A]n insurer need not show prejudice when the insured breaches a condition precedent to suit." *Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 303 (Fla. 4th DCA 1995). Proof of loss is a condition precedent

to an insured's suit against an insurer. *Soronson v. State Farm Fla. Ins. Co.*, 96 So. 3d 949, 952 (Fla. 4th DCA 2012); *Kramer v. State Farm Fla. Ins. Co.*, 95 So. 3d 303, 306 (Fla. 4th DCA 2012).

While the insured argued that she provided the insurer with bills, estimates, invoices, and other documents to prove her damages, she failed to file a ***sworn*** *proof of loss*. Therefore, the insured materially breached a condition precedent, and the insurer was not obligated to pay. The trial court properly entered summary judgment in the insurer's favor. *See Amica Mut. Ins. Co. v. Drummond*, 970 So. 2d 456, 459–60 (Fla. 2d DCA 2007).

The trial court also correctly found that the insurer did not waive the sworn proof of loss requirement by tendering payment because "[i]nvestigating any loss or claim under any policy or *engaging in negotiations looking toward a possible settlement* of any such loss or claim" does not constitute a waiver of a "sworn proof of loss" requirement. § 627.426(1)(c), Fla. Stat. (2007) (emphasis added).

Just prior to oral argument, the insured filed a notice of supplemental authority and argued that the supreme court's recent decision in *State Farm Mutual Automobile Insurance Co. v. Curran*, 135 So. 3d 1071 (Fla. 2014), rendered the sworn proof of loss a condition subsequent rather than a condition precedent. We disagree as our supreme court limited its rationale and holding to the unique subject of uninsured motorist coverage and compulsory medical exams. Even if it had not done so, we find the issue in this case vastly different than the one encountered in *Curran*.

In *Curran*, the court held that an insurance policy's requirement of a compulsory medical examination ("CME") was a condition subsequent, not a condition precedent to coverage. In doing so, the court specifically said that **"a CME provision in the UM coverage context** is not a condition precedent to coverage and we find that an insured's breach of this provision should not result in post-occurrence forfeiture of insurance coverage without regard to prejudice." *Id.* at 1079 (emphasis added) (citations omitted).

In reaching this conclusion, a plurality of the court discussed the purpose of uninsured motorist ("UM") coverage, and "stressed" that such coverage was not designed for the benefit of insurers. *Id.* at 1077. It also reviewed the role of CMEs in the process of settling personal injury claims. *Id.* It then rejected the insurer's argument and concluded "that a CME provision in the UM context is a post-loss obligation of the insured and is not a condition precedent to coverage." *Id.* at 1078.

4

Unlike the UM policy in *Curran,* the policy in this case specifically provided:

> **Loss Payment.** We will adjust all losses with you. . . . Loss will be payable 60 days after we receive your **proof of loss** and:
>
>     a. reach agreement with you;
>     b. there is an entry of a final judgment; or
>     c. there is a filing of an appraisal award with us.
>     . . . .
>
> **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed
>     . . . .
>
>     d. submit to us, within 60 days after the loss, your signed, **sworn proof of loss**.

(emphasis added). This places an affirmative duty on the insured to provide the sworn proof of loss. Unlike a CME, which is requested by the insurer to substantiate a claim already made by the insured, the sworn proof of loss is a condition precedent. For this reason, *Curran* does not mandate a reversal in this case.

The insured next argues that the trial court erred by entering partial summary judgment on the personal property claim because there was an issue of material fact as to whether there was an explosion under the policy's terms. We disagree.

The policy provided personal property coverage for named perils. Among those named perils was an "explosion." That term was not defined. It is black letter law that "[a]n insurance contract must be construed in accordance with the plain language of the policy." *Harrington v. Citizens Prop. Ins. Corp.,* 54 So. 3d 999, 1001 (Fla. 4th DCA 2010) (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.,* 913 So. 2d 528, 532 (Fla. 2005)). It was the insured's burden to prove that the term "explosion" included the explosive expansion of a decomposing body.

Rather than stretching common sense, the trial court correctly gave the term "explosion" its "plain and unambiguous meaning as understood by

the 'man-on-the-street.'"[2]  *Id.* at 1001 (citation omitted).  The plain meaning of the term "explosion" does not include a decomposing body's cells explosively expanding, causing leakage of bodily fluids.  In short, although novel in her attempt to do so, the insured could not establish that the decomposing body was tantamount to an explosion.

The trial court correctly entered summary judgment for the insurer.  We therefore affirm.

*Affirmed.*

GROSS and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The Merriam-Webster Dictionary defines "explosion" as "the act or instance of exploding" and "a large-scale, rapid, or spectacular expansion or bursting out or forth."  MERRIAM-WEBSTER: AN ENCYCLOPÆDIA BRITANNICA COMPANY, http://www.merriam-webster.com/dictionary/explosion (last visited Mar. 28, 2014).