# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1550
Lower Tribunal No. 17-5020
_____

**Universal Property & Casualty Ins. Co.,**
Appellant,

vs.

**Monika Horne,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Russo Appellate Firm P.A., and Paulo R. Lima, and Elizabeth K. Russo, for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellee.

Before FERNANDEZ, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Universal Property and Casualty Insurance Company appeals a final judgment in favor of Monika Horne in a first-party property insurance case. The final judgment was entered after a jury returned a verdict in favor of Horne on her claims for breach of contract arising from Horne's claim for damages to her home due to a water loss. Universal appeals the lower court's rulings on two cross-motions for summary judgment: (1) the denial of Universal's motion that sought summary judgment based on Horne's undisputed failure to satisfy all post-loss obligations under her policy; and (2) the grant of Horne's motion as to Universal's affirmative defenses, thereby preventing Universal from asserting its post-loss obligations defense to the jury. For reasons set forth below, we reverse and remand for proceedings consistent herewith.

## I.    BACKGROUND

Horne, plaintiff below, was insured by Universal under a policy of insurance which provided coverage for her home. According to Horne, a water line broke in the kitchen causing water leakage and damage. That same day, Horne's public adjuster, Oscar Valdes, of Florida Recovery Adjusters, reported the loss to Universal. Three days later, Universal sent a letter to Valdes acknowledging receipt of the claim, citing the relevant policy language, requesting eleven items and categories of information, and

2

reserving its rights under the policy. In accordance with the policy, one of the eleven items Universal requested Horne provide within sixty days was a sworn proof of loss.[1] In this letter, Universal referenced the following policy language:

**Section I - CONDITIONS**

2. **Your Duties After Loss.** In case of a loss to covered
property, you must see that the following are done:
…
f. As often as we reasonably require:
…
(2) Provide us with the records and documents we request
and permit us to make copies;
…
g. Send to us, *within 60 days after our request, your*
*signed, sworn proof of loss* which sets forth, to the best of
your knowledge and belief:
(1) The time and cause of loss;
(2) The interest of the "insured" and all others in the property involved and all liens on the property;
(3) Other insurance which may cover the loss;
(4) Changes in title or occupancy of the property during
the term of the policy;
(5) Specifications of damaged buildings and detailed repair estimates;

---

[1] Universal also advised Horne that any of its actions or investigations into Horne's reported loss were undertaken with a full reservation of rights under the policy.

(6) The inventory of damaged personal property described
in 2.e above;
(7) Receipts for additional living expenses incurred and
records that support the fair rental value loss; and
(8) Evidence or affidavit that supports a claim under the
Credit Card, Fund Transfer Card, Forgery and Counterfeit
Money coverages, stating the amount and cause of
loss.

(bold in original; bold italics added).[2]

Communication ensued between Universal and Horne's public adjuster which included letters, emails, photographs and an in-person inspection by Universal. During the inspection, Universal's adjuster requested Horne provide information to support her claim in a recorded statement, plus any plumbing invoices, a letter of representation and any documents relating to emergency mitigation services. Her public adjuster, Valdes, emailed Universal some of these documents along with photographs and an estimate he had prepared in the amount of $39,757.58,

---

[2] The policy further limits the right of an insured to file a lawsuit unless and until the insured has complied with all policy provisions. It expressly states that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within 5 years after the date of loss." In the insurance industry, this is commonly referred to as a "no action clause" and is considered a standard provision in homeowner's policies.

reflecting the purported "replacement cost value" of the loss without accounting for the policy deductible or depreciation.

Universal then sought to schedule Horne for a recorded statement. After receiving no response from Horne, Universal extended coverage and sent a check in the amount of $7,230.28, which reflected application of the deductible and recoverable depreciation, or "actual cash value."[3] A month or so later, Universal received a letter of representation and demand for payment from Horne's counsel seeking a certified copy of the policy and additional payment in accordance with Valdes's estimate. Universal responded with a certified copy of the policy only. Horne responded with a two-count complaint for breach of contract and for declaratory relief.[4] Universal answered and asserted affirmative defenses alleging that Horne failed to comply with post-loss obligations required under the policy.

Universal moved for summary judgment, alleging that Horne failed to comply with the specific requirement that she provide a sworn proof of loss within sixty days of Universal's request. Universal argued Horne's failure was a material breach of the policy for which it was entitled to judgment as

---

[3] While Universal's estimate was not part of the record at the summary judgment hearing, it was admitted as an exhibit at trial.
[4] The lower court dismissed the count seeking declaratory relief and the case proceeded solely on the claim for breach of contract.

5

a matter of law, relying on <u>Goldman v. State Farm Fire General Insurance Co.</u>, 660 So. 3d 300 (Fla. 4th DCA 1995) and <u>Rodrigo v. State Farm Florida Insurance Co.</u>, 144 So. 3d 690 (Fla. 4th DCA 2014), which were binding precedent at the time.[5]

Almost four months later, Horne submitted a sworn proof of loss to Universal seeking an additional $32,527.30, the difference between what Universal had paid and what Horne had initially sought. Two months later, Horne filed her motion for summary judgment and response to Universal's motion for summary judgment, arguing that (1) Universal waived its right to enforce Horne's post-loss obligations when, prior to receipt of Horne's sworn proof of loss and recorded statement, Universal acknowledged coverage and issued payment; (2) providing a sworn proof of loss prior to summary judgment cured any failure to do so earlier; (3) Universal failed to establish any prejudice resulting from Horne's alleged failure to comply with post-loss obligations; and (4) Horne should not be subjected to a draconian forfeiture of her insurance benefits where she substantially complied with

---

[5] No definitive decision had been rendered in this district at the time on the issue of whether an insurer must plead and prove prejudice in order to successfully establish a coverage defense based upon an insured's failure to satisfy all post-loss obligations.

6

Universal's demands and the issue of whether she substantially complied remains an issue of fact for the jury.

At the hearing on the motions, the lower court heard argument, but continued the hearing for the parties to depose Horne. At the continuation of the hearing, the lower court found as follows:

> THE COURT: Here's what I'm going to find. No. 1 is that there was waiver by payment. No. 2, there was substantial compliance with the sworn proof of loss. No. 3, you know, there was an additional sworn proof of loss that was provided. And my recollection is it was in February of this year.
>
> MR. ALVAREZ: Yes, sir.
>
> THE COURT: And now we're in May so, you know, three, four months ago, however long ago that was. And I mean – I must say I just do not find prejudice. And so for those – all of those reasons I'm going to respectfully deny the defendant's motion for summary judgment.

On Horne's motion for summary judgment as to Universal's affirmative defenses, Horne's counsel argued that the trial court's denial of Universal's motion compelled the court to grant Horne's motion. The lower court agreed, granting summary judgment in favor of Horne as to Universal's affirmative defenses and declaring "I do find that there is coverage." The lower court entered two separate orders memorializing its rulings, one order denying

7

Universal's motion for summary judgment and the other granting Horne's motion for summary judgment.

The case was then tried to a jury over the course of four days. Consistent with the summary judgment rulings, Universal was not permitted to assert its defense that Horne was barred from recovering due to her failure to submit a sworn proof of loss within 60 days of Universal's request. Instead, the verdict form assumed coverage and asked only: "Did Monika Horne prove by the greater weight of the evidence that Defendant, Universal Property & Casualty Insurance Company, breached the policy by not paying more than $11,267.69 replacement cost value (RCV) on Horne's insurance claim?" The jury answered that question in the affirmative and, in question 2, placed the total replacement cost value of the damages suffered by Horne at an even $24,500.

Universal timely filed a motion for new trial or, alternatively, for reconsideration of the order denying summary judgment. Universal argued that the trial court should reconsider its prior ruling, enter summary judgment in its favor, and that:

> Even if there were questions regarding waiver, substantial compliance, and prejudice, they should have been submitted to the jury rather than decided as a matter of law against Universal. The Court, in addition to denying Universal's summary judgment motion, granted Horne's summary judgment motion

8

and found that there was coverage as a matter of law. This prevented Universal from raising the sworn proof of loss issue at trial and requires a new trial.

The trial court denied Universal's post-trial motion without a hearing and ultimately entered an amended final judgment awarding Horne $13,232.31.[6] This timely appeal followed.

## II.  STANDARD OF REVIEW

Both the construction of an insurance policy to determine coverage, and orders granting or denying summary judgment are reviewed de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000); Barnier v. Rainey, 890 So. 2d 357, 359 (Fla. 1st DCA 2004); see also Gov't Employees Ins. Co. v. Macedo, 228 So. 3d 1111, 1113 (Fla. 2017) ("Insurance policy construction is a question of law subject to de novo review.").  Summary judgment is designed to determine whether there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings.  Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 334 (Fla. 3d DCA 2015) (quotations and citation omitted).  At both the trial and appellate level, all evidence and inferences from the evidence must be taken in the light most favorable to the non-moving party.  Id.

---

[6]  Universal had timely moved to amend the original final judgment because it erroneously awarded pre-judgment interest, which the court granted.

### III. ANALYSIS

First, the lower court's conclusion that Universal waived its post-loss affirmative defense by issuing payment to Horne was incorrect. See Rodrigo, 144 So. 3d at 692 (finding the trial court correctly found no waiver of sworn proof of loss requirement because "'[i]nvestigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim' does not constitute a waiver of a 'sworn proof of loss' requirement" (quoting § 627.426(1)(c), Fla. Stat. (2007))).

With regard to whether Horne substantially complied with her post-loss obligations under the policy and, if not, whether Universal was prejudiced therefrom, we are bound by this Court's prior decision in American Integrity Ins. Co. v. Estrada, 276 So. 3d 905 (Fla. 3d DCA 2019).[7] Estrada reaffirms the principle that in order for there to be a total forfeiture of coverage under a homeowner's insurance policy for failure to comply with post-loss obligations, the insured's breach must be material. Id. at 914. Further, Estrada articulates a two-step, "if-then" framework for asserting post-loss obligation noncompliance as an affirmative defense:

---

[7] The opinion in Estrada was released six weeks after the jury rendered its verdict below. Thus, neither the parties nor the trial court had the benefit thereof at the time of trial. In Estrada, this Court certified conflict with Goldman, 660 So. 3d 300 and Rodrigo, 144 So. 3d 690 on the issue relating to an insured's failure to comply with post-loss obligations.

10

> [W]hen an insurer has alleged, as an affirmative defense to coverage, and thereafter has subsequently established, that an insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer.

Id. at 916.

While we cannot fault the trial court for failing to apply a yet-to-be crystallized framework, reversal is required.  See Lowe v. Price, 437 So. 2d 142, 144 (Fla. 1983) (describing that appellate courts must apply the law as it exists at the time of the appeal, not that which existed when the case was tried).

## IV.    CONCLUSION

For the reasons set forth above, we reverse and remand for the parties to present their cases under the framework established in Estrada.[8]

Reversed and remanded.

---

[8]  Our decision is without prejudice to the parties to amend their pleadings and to file, if they think legally cognizable, renewed motions for summary judgment, and we express no opinion on the merits of either.