DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARON GODFREY,**
Appellant,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D21-901

[April 13, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William Haury, Jr., Judge; L.T. Case No. CACE18-024020.

Jose P. Font and Christopher Herrera of Font & Nelson, PLLC, Fort Lauderdale, for appellant.

Patrick M. Chidnese and Frieda C. Lindroth of Bickford & Chidnese, LLP, Tampa, for appellee.

GROSS, J.

Sharon Godfrey appeals a final summary judgment in favor of appellee People's Trust Insurance Company based on her failure to provide the insurer with an executed sworn proof of loss before filing a lawsuit against it. We reverse, concluding that a factual issue remains as to whether the insurer was prejudiced by the insured's failure to comply with a material provision of the policy.

In 2017, Godfrey purchased an all-risk homeowners insurance policy from People's Trust to protect her home.

A condition of the policy provided that People's Trust had "no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us." One of those duties was to send to People's Trust, "within sixty (60) days after our request, your signed, sworn proof of loss" containing certain details specified by the policy.

Godfrey suffered a water loss on July 21, 2017, and she reported the loss to People's Trust on May 10, 2018. On May 11, the insurer wrote to Godfrey and requested a sworn proof of loss in compliance with the policy. People's Trust followed up four times by requesting the sworn proof of loss—on June 11, June 25, July 11, and July 24, 2018.

Without executing a sworn proof of loss, Godfrey filed suit against People's Trust in October 2018.

People's Trust moved for summary judgment, arguing no coverage existed because Godfrey's failure to provide the insurer with a sworn proof of loss was a material breach of the policy.

The circuit court granted the motion for summary final judgment, concluding that Godfrey had materially breached the policy.

We conclude that the policy required Godfrey to file a sworn proof of loss, and that the insurer did not waive this requirement. We write to address the insurer's argument that an insurer need not show prejudice when the insured breaches a condition precedent to suit. *See Edwards v. SafePoint Ins. Co.*, 318 So. 3d 13, 18 (Fla. 4th DCA 2021); *Rodrigo v. State Farm Fla. Ins. Co.*, 144 So. 3d 690, 692 (Fla. 4th DCA 2014); *Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 303 (Fla. 4th DCA 1995).

The *Edwards/Rodrigo/Goldman* line of cases has no application here on the issue of whether the insurer must show prejudice to secure a final judgment when the insured breaches a material policy condition. The People's Trust's policy expressly requires a showing of prejudice by stating that the insurer had "no duty to provide coverage under this policy if the failure to comply with the following duties is **prejudicial** to us." (Emphasis supplied).

In a case construing the identical policy language in a People's Trust policy, we wrote that an insured's "failure to comply with policy conditions requires prejudice to insurer in order for that failure to constitute a material breach and permit an insurer to deny coverage for a claim. Whether insurer is prejudiced is a question of fact." *Arguello v. People's Trust Tr. Ins. Co.*, 315 So. 3d 35, 41–42 (Fla. 4th DCA 2021).

An issue of fact remains as to whether Godfrey's failure to file a sworn proof of loss was "prejudicial" to People's Trust within the meaning of the policy.

We reverse the summary final judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

MAY and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**