DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**BONIFACE JEAN,**
Appellee.

No. 4D2024-1257

[November 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. CACE-22-018547.

David A. Noel and Kara Rockenbach Link of Link & Rockenbach, PA, West Palm Beach, for appellant.

Scott J. Edwards of Scott. J. Edwards, P.A., Boca Raton, and Vyacheslav Borshchukov of Vyacheslav Borshchukov, P.A., Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Appellant Universal Property & Casualty Insurance Company ("Insurer") appeals the trial court's final judgment entered in favor of appellee Boniface Jean ("Homeowner") following a jury trial. Insurer argues the trial court erred by: (1) denying Insurer's motion for directed verdict despite undisputed evidence that Homeowner did not live at the subject property as the policy required; and (2) submitting Homeowner's waiver theory to the jury because coverage cannot be created by waiver. We agree with both arguments. Therefore, we reverse the trial court's final judgment and remand for the entry of a final judgment for Insurer.

### *Procedural History*

Homeowner filed a declaratory action seeking coverage for a property loss. The policy covered only the property where the named insured resided (the "residence-premises" requirement). Insurer raised a residence-premises defense, asserting that Homeowner did not reside at

the subject property as the policy required.  Homeowner did not file a reply or otherwise seek to avoid Insurer's defense.

Insurer confirmed Homeowner's non-residency during its claim investigation and denied coverage after Homeowner's examination under oath.  At trial, Homeowner also admitted he had never lived at the subject property, including on the loss date.  Based on this admission, Insurer moved for a directed verdict in its favor.  Homeowner responded that Insurer had waived the policy's residency requirement when Insurer accepted premiums from Homeowner after learning that Homeowner did not live at the subject property.  The trial court denied Insurer's directed verdict motion, thus allowing Homeowner's claim and Insurer's defense to be decided by a jury.

The jury found that Insurer had proved Homeowner did not reside at the subject property, but that Insurer had waived the policy's residency requirement as Homeowner had argued.  Thus, the jury returned a verdict for Homeowner.  Insurer timely appealed.

## *Appellant's Directed Verdict Motion*

We review the trial court's denial of Insurer's directed verdict motion de novo.  *See People's Tr. Ins. Co. v. Kidwell Grp., LLC*, 363 So. 3d 1108, 1110 (Fla. 4th DCA 2023).

Coverage provisions define the scope of insurance coverage.  *See Lloyds Underwriters at London v. Keystone Equip. Fin. Corp.*, 25 So. 3d 89, 92 (Fla. 4th DCA 2009).  Lack of coverage may exist where "the insuring clause does not by its express terms apply to the kind of claim being made, or it *may exist simply because the policy elsewhere expressly excludes the coverage.*"  *See State Farm Mut. Auto. Ins. Co. v. Hinestrosa*, 614 So. 2d 633, 636 (Fla. 4th DCA 1993) (emphasis added).

Because coverage provisions define the existence of insurance coverage, coverage provisions cannot be waived.  *Doe on Behalf of Doe v. Allstate Ins. Co.*, 653 So. 2d 371, 373 (Fla. 1995).  Waiver cannot create coverage where none exists.  *Universal Prop. & Cas. Ins. Co. v. Qureshi*, 396 So. 3d 564, 568 (Fla. 4th DCA 2024).

Here, the policy insured only the dwelling where Homeowner resided.  Because Homeowner undisputedly did not live at the subject property where the loss occurred, the loss was not covered.  The residence-premises clause defined the scope of coverage, and the clause was not a forfeiture

2

condition subject to waiver. *See Qureshi*, 396 So. 3d at 568; *see also Lloyds Underwriters*, 25 So. 3d at 92.

The record here establishes, without contradiction, that Homeowner did not reside at the subject property on the loss date, and the jury also made this finding of fact. Therefore, the trial court should have entered a directed verdict for Insurer. *See Universal Prop. & Cas. Ins. Co. v. Gonzalez-Perez*, 387 So. 3d 333, 336 (Fla. 3d DCA 2023); *see also Arguelles v. Citizens Prop. Ins. Co.*, 278 So. 3d 108, 112–13 (Fla. 3d DCA 2019).

Homeowner's reliance upon *Arguelles* to support his claim of waiver is misplaced. *Arguelles* did not hold that a residence-premises requirement could be waived. 278 So. 3d at 112–13. Rather, the Third District affirmed summary judgment for the insurer as the homeowner did not live in the subject property. *Id.* at 111–13. The Third District further cited, with approval, cases from our court and other district courts of appeal, holding that waiver and estoppel cannot create coverage. *Id.* (citing *Winans v. Weber*, 979 So. 2d 269, 274 (Fla. 2d DCA 2007)); *Aetna Cas. & Sur. Co. of Am. v. Deluxe Sys., Inc.*, 711 So. 2d 1293 (Fla. 4th DCA 1998). Although the Third District noted that the homeowner's waiver claim was not supported by the evidence, it did not hold that if the homeowner had presented such evidence, the appeal's outcome would have been different. *Arguelles* recognized precedent holding that a residence-premises clause functions as a coverage provision, not a forfeiture condition. Because Homeowner here, like the homeowner in *Arguelles*, admitted non-residency, Insurer was entitled to a directed verdict.

The trial court here treated the denial of coverage as something that can be waived similar to a policy precondition for payment, or post-loss defense such as, for example, the requirement of timely notice to the insurer of the claim. In fact, coverage is distinct from such matters. A residence-premises clause is a coverage provision not subject to forfeiture or waiver. If coverage does not exist under the policy from the outset, then the insurer's later actions or inactions does nothing to create coverage. Courts have even held that payments by insurers made in error do not constitute waivers. *See Universal Prop. & Cas. Ins. Co. v. Horne*, 314 So. 3d 688, 692 (Fla. 3d DCA 2021) (insurer's payment to homeowner did not waive post-loss defenses); *see also Rodrigo v. State Farm Fla. Ins. Co.*, 144 So. 3d 690, 692 (Fla. 4th DCA 2014) (insurer's payment to insured and negotiations did not waive proof-of-loss requirement). Therefore, the fact that an insurer may continue to mistakenly accept premiums cannot waive a residency requirement integral to the policy's creation and the existence of coverage.

## *Conclusion*

The lower court erred in submitting Insurer's waiver issue to the jury in light of the uncontroverted evidence presented at trial. The policy's residence-premises provision defines coverage and therefore could not be waived by Insurer. Because Homeowner undisputedly did not reside at the subject property, Insurer was entitled to a directed verdict.

*Reversed and remanded as directed.*

GROSS and SHEPHERD, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**